Submitted on brief February 1, reversed and remanded February 20, rehearing denied March 20, 1917.

# WILLIAMS *v.* GOOSE LAKE VALLEY IRR. CO.

## (163 Pac. 81.)

**Trespass—Entry upon Land—Defenses.**

1. The inclosed land of any person is his kingdom, cannot be invaded by a stranger to the title except in case of necessity, such as to escape bodily injury or to obtain therefrom personal property found thereon without the owner's privity or fault, or, in some cases, to avoid an obstacle rendering the highway impassable or in the exercise of a right of entry to make preliminary surveys.

**Eminent Domain—Taking Without Authority—Liability for Trespass in Addition to Compensation.**

2. Article I, Section 18, of the Constitution, declares that private property shall not be taken for public use without compensation first assessed and tendered, and that no person's property shall be taken by any corporation under authority of law without compensation being first secured as provided. An irrigation company without authority invaded the land of plaintiff and constructed its ditch thereon. In an action for damages for the trespass, the company set up its right to condemn and sought to defend by condemnation in the trespass suit. *Held*, that while it is the general policy of the law to settle, if possible, in a single suit, all conflicting claims of adverse parties, such defense was not allowable.

**Landlord and Tenant—Injury to Reversion—Remedy of Landlord.**

3. Where defendant, trespassing on plaintiff's land, committed a depredation injuring the reversion, plaintiff's action for damages, the facts being pleaded, cannot be defeated on the ground that plaintiff was not the real party in interest because the land was rented, it appearing that the tenant's possessory right was but little injured, for Section 1, L. O. L., having abolished the distinction between actions at law, and while plaintiff could not have maintained trespass *quare clausum fregit*, not being entitled to possession, he could, at common law, have recovered for injury to the reversion.

[As to liability of third person to landlord for injury to leased premises, see note in Ann. Cas. 1912D, 120.]

**Landlord and Tenant—Injuries to Reversion—Action for Damages.**

4.  While the tenant of demised lands is the only one entitled to recover for an interference with the possession, the landlord may, where a trespasser constructed an irrigation ditch across his land changing its physical aspect and injuring the reversion, recover damages therefor.

**Landlord and Tenant—Injuries to Reversion—Exemplary Damages.**

5.  Where defendant, without authority, entered upon plaintiff's land and constructed an irrigation ditch, but there was no indignity to plaintiff's tenant, plaintiff himself being without jurisdiction, exemplary damages cannot be allowed; such damages being allowable in an action for trespass upon real property only when the act complained of is aggravated by some indignity to the person in possession.

**Eminent Domain—Unauthorized Taking—Defenses.**

6.  It is no defense to an action for damages for trespass upon land by an irrigation company having the right of eminent domain that the company desired to complete the ditch so as to be able to furnish water for the ensuing year.

From Lake: BERNARD DALY, Judge.

In Banc.    Statement PER CURIAM.

This is an action by F. L. Williams against the Goose Lake Valley Irrigation Company, a corporation, to recover actual and exemplary damages alleged to have been sustained by the construction of a ditch across the plaintiff's land without securing his consent or condemning a right of way for the conduit. From a judgment for plaintiff in the sum of $500, the defendant appeals.

Submitted on brief without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                    REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. W. Lair Thompson* and *Mr. Arthur D. Hay.*

For respondent there was a brief over the names of *Mr. Thomas S. Farrell* and *Messrs. Batchelder & Combs.*

Opinion PER CURIAM.

1, 2. It is contended that an error was committed in striking from the answer averments showing the defendant's right to appropriate the land occupied by the ditch, and in not permitting the jury to determine the compensation to be paid for the easement required. The part of the answer thus eliminated stated all the facts necessary to be alleged in a complaint in an action for condemnation. The question to be considered is whether such a defense is proper in an action of this kind. If the entry upon the plaintiff's premises had been made pursuant to his license, or if an honest mistake had been made by the defendant as to the reputed owner of the land with whom it settled and to whom it paid a reasonable compensation so as to justify the trespass, the compensation to be paid for the real property taken and the damages sustained by the entry might have been determined in the same suit or action: *Oregon R. & N. Co.* v. *Mosier,* 14 Or. 519 (13 Pac. 300, 58 Am. Rep. 321); *Larsen* v. *Oregon R. & N. Co.,* 19 Or. 240 (23 Pac. 974); *Oregon R. & N. Co.* v. *McDonald,* 58 Or. 228 (112 Pac. 413, 32 L. R. A. (N. S.) 117, note). The inclosed land of any person is his kingdom, which realm, without his consent, cannot legally be invaded by a stranger to the title, except in case of necessity, such as to escape bodily injury or to obtain from the premises personal property found thereon without its owner's privity or fault; or, in some states, to avoid an obstacle which renders the highway impassable; or when the right of entry is given by statute to make preliminary surveys, and in such instances the entry must be made with the least possible injury and conducted for only a reasonable time: Lewis, Em. Domain (3 ed.), § 228. The organic law declares that:

"Private property shall not be taken for public use; * * nor except in case of the state, without such compensation first assessed and tendered": Article I, Section 18, of the Constitution.

"No person's property shall be taken by any corporation, under authority of law, without compensation being first made or secured in such manner as may be prescribed by law": Article XI, Section 4, of the Constitution.

In *Republican Valley R. Co.* v. *Fink,* 18 Neb. 82, 86 (24 N. W. 439, 441), Mr. Justice MAXWELL, discussing a somewhat similar provision, remarks:

"Constitutional guaranties of the rights of property would be of very little value if a corporation could seize the property of an individual and say to the owner, if you want compensation for this property institute proceedings to condemn it, and after we think the proper amount is awarded we will pay you."

If a corporation authorized to appropriate land could take possession of the part desired without license or condemnation, and when sued by the owner for the damages thus inflicted be permitted to have determined in the same action the reasonable compensation of the property unlawfully entered upon, such a course might induce a violation of the constitutional guaranty and thereby defeat the owner's relative right to exclude others from the possession and enjoyment of his premises. Though it is the general policy of the law to settle, if possible, in a single suit or action all accrued conflicting claims of the adverse parties, that rule ought not to obtain in such an action as is here involved. No error was committed in striking from the answer the separate defense that was interposed.

3. It is maintained that an error was committed in denying a motion for a judgment of nonsuit when the

83 Or.—20

cause was submitted. The testimony discloses that though a part of the plaintiff's land had been plowed none of it was cultivated during the year the ditch was constructed; that the plaintiff was a nonresident and had leased the premises for grazing purposes to a tenant who, in consideration of the demise, agreed to care for a barn on the real property. Based on these facts it is argued by the defendant's counsel that the alleged injury for which damages were undertaken to be recovered resulted to the tenant; and such being the case the judgment of nonsuit should have been granted for the reason that the landlord was not the real party. A clause of our Code reads:

"The distinction heretofore existing between forms of actions at law is abolished, and hereafter there shall be but one form of action at law, for the enforcement of private rights or the redress of private wrongs": Section 1, L. O. L.

In *Brown* v. *Bridges,* 31 Iowa, 138, 145, Mr. Justice DAY, in referring to a similar statute as applied to a case involving facts almost identical with those now presented for consideration, observes:

"At common law, possession in fact of the real property to which the injury was done was necessary in order to entitle a party to maintain an action of *trespass quare clausum fregit.   Wickham* v. *Freeman,* 12 Johns. [N. Y.] 183; *Stuyvesant* v. *Tompkins,* 9 Johns. [N. Y.] 61; *Campbell* v. *Arnold,* 1 Johns. [N. Y.] 510. A landlord could not maintain an action of trespass for an injury to land while his tenant was in the actual possession of the premises. The landlord or reversioner, however, could maintain an action on the case for the injury to the reversion. These distinctions grew out of the refinements of the common law, which varied the form of the remedy with the nature of the injury, and the character of the relief required. Happily these refined distinctions have no

place in our system of jurisprudence. All technical forms of action are abolished. All that is required is, that the facts constituting the cause of action shall be alleged. And, if these facts are such as would have entitled the plaintiff to relief under any of the recognized forms of action at common law, they furnish the basis of relief under the Code. We hold, therefore, that, under the system of procedure recognized by the Code, the owner of real estate which is in the actual occupation of a tenant may maintain an action for an injury to his estate.''

As to the distinction in a suit of this kind between the ancient remedies of *trespass quare clausum fregit* and action on the case, see *Arneson* v. *Spawn*, 2 S. D. 269 (49 N. W. 1066, 39 Am. St. Rep. 783), and notes.

4. If a tenant's possession is unlawfully disturbed and no physical injury is done to the real property, as he is the sole person who sustains the detriment he is the only party who is entitled to maintain an action to recover the damages inflicted: Lewis, Em. Domain (3 ed.), § 931, note 51; *Miller* v. *Edison Electric Illuminating Co.*, 184 N. Y. 17 (76 N. E. 734, 6 Ann. Cas. 146, 3 L. R. A. (N. S.) 1060). When, however, in addition to an interruption of the tenant's right, a trespasser commits a substantial injury to the demised premises, such wrong affects the reversionary interest of the landlord, who may maintain an action to recover the damages sustained. Thus he may recover for trees injured or destroyed: *Fitch* v. *Gosser*, 54 Mo. 267; *Parker* v. *Shackelford*, 61 Mo. 68. For the removal of fences when they are a part of the realty: 18 Am. & Eng. Enc. Law (2 ed.), 452; *Brown* v. *Bridges*, 31 Iowa, 138; *Davis* v. *Nash*, 32 Me. 411. For the destruction of an irrigating ditch: *Hayden* v. *Consolidated Min. etc. Co.*, 3 Cal. App. 136, (84 Pac. 422). For the diversion of a watercourse: *Heil-*

*bron* v. *Last Chance Water Ditch Co.;* 75 Cal. 117 (17 Pac. 65). And for the obstruction of an appurtenant right of way: *Cushing* v. *Adams,* 18 Pick. (Mass.) 110.

In the case at bar a plat of the *locus in quo* received in evidence shows that the defendant constructed its irrigating ditch across 160 acres of the plaintiff's land. This breaking of the soil and removal of the earth in digging the trench constituted a physical injury to the reversion for which he is entitled to maintain an action to recover the damages sustained, though the real property was in the possesion of a tenant when the wrong was committed. The tenant was entitled to such compensation as would have made him whole, irrespective of any general benefits conferred by the taking: Lewis, Em. Domain (3 ed.), § 950. This author at Section 538 of the valuable work referred to says:

"If a necessary party is omitted, the proceedings will be nugatory as to such party. But as a general rule such an omission does not vitiate the proceedings as to those who are parties."

This text-writer further remarks:

"Where the owners of all interests are not parties, care should be taken to confine the evidence and award to the interests actually involved": Section 716.

The testimony shows that the fences on the plaintiff's land were down in many places, thereby permitting stock freely to enter the premises, the lease of which for grazing purposes was not worth more than $25 a year. The tenant's right being trivial and the injury to the plaintiff's reversion being physical, no error was committed in refusing to grant the judgment of nonsuit.

In view of the conclusion we have reached on another branch of the case it has been thought important to discuss the questions hereinbefore considered.

5. It is insisted that an error was committed in charging the jury that if they found the defendant had acted in a high-handed and malicious manner, they might return a verdict in favor of the plaintiff for exemplary damages in addition to the actual damages which he had sustained. The instruction complained of seems to have been copied from a part of the charge given in the case of *Kingsley* v. *United Rys. Co.,* 66 Or. 50 (133 Pac. 785). In approving the language so employed Mr. Justice McNary remarks:

"To go unbidden upon another's lands, appropriate a part and change the physical aspects thereof in contravention of the expressed wishes of the owner, constitute acts so violent to wholesome legal restrictions as to come within the rule permitting exemplary damages. Plaintiff gave testimony that he prescribed certain conditions upon which defendant might acquire a part of the land for its purposes, but that, instead of meeting the requirements and while plaintiff was confined by bodily infirmity in a hospital, defendant entered upon the land, and in violation of expressed mandates of plaintiff and without paying for or tendering payment of said right of way constructed a railway line across a part of the premises, to its great physical damage."

In that case advantage appears to have been taken by a corporation entitled to appropriate land for a public use of the owner's physical weakness properly to assert his rights, thereby tending to show that the tort had been aggravated by oppression and fraud, evidencing a wanton and reckless disregard of the rights of others and entitling the injured party to exemplary damages: 13 Cyc. 111; Sutherland, Dam. (4 ed.), § 393. The testimony in this instance fails to bring the right

to exemplary damages within the rule declared in the Kingsley Case.

Exemplary damages in addition to compensation for a loss occasioned by a tort may be awarded for a trespass upon real property, when the act complained of is aggravated by bodily injury inflicted upon or an indignity offered to the person in possession of the premises: *Brame* v. *Clark,* 148 N. C. 364 (62 S. E. 418, 16 Ann. Cas. 73, 19 L. R. A. (N. S.) 1033). The tenant who was in possession of the land herein demised was not assaulted or insulted when the ditch was constructed across the realty, and the plaintiff was not within the state at that time. No shade or ornamental tree was destroyed or injured; no family cemetery was invaded; nor was evidence offered tending to show any humiliating circumstance whereby the plaintiff's tender susceptibility could reasonably have been aroused and from which malice might reasonably have been inferred. In the absence of these conditions, which must attend the commission of a tort in order to authorize an award of "smart-money" in addition to compensation for the actual damages sustained, an error was committed in giving the instruction challenged when it is remembered that the defendant is a corporation which is entitled by law to appropriate private property for a public use.

6. The exigency relied upon as an excuse for the trespass, namely, a desire to finish the ditch so as to be able to use it the next year for conducting water for irrigation, is not such an imperious necessity as legally to justify the tort which was committed.

For the error referred to the judgment is reversed and the cause will be remanded for a new trial not inconsistent with this opinion.

REVERSED AND REMANDED.    REHEARING DENIED.