Argued February 13, affirmed February 19, 1929.

## JOSEPH HUBER ET Ux. *v.* PORTLAND GAS & COKE COMPANY.

(274 Pac. 509.)

For appellants there was a brief and oral argument by *Mr. Henry S. Westbrook.*

For respondent there was a brief over the names of *Mr. John A. Laing* and *Mr. Henry S. Gray,* with an oral argument by *Mr. Irving Rand.*

BROWN, J.—1, 2. It is settled law that every unauthorized entry on land of another is a trespass, even if no damage is done: *Kesterson* v. *California-Oregon Power Co.,* 114 Or. 22, 31 (228 Pac. 1092). It is also settled that one who is permanently injured in his property by the wrongful act of another may recover compensation in an action at law for the market value thereof. Moreover, where the structure constituting the alleged nuisance is permanent, and injury is constant, or certain to occur, whole damages may be recovered at once.

3. As to the measure of damages arising out of permanent injuries to realty, the editors of Ruling Case Law set forth this rule:

"The proper measure of damages for permanent injury to real property is the diminution in the market value of the property; and if land is taken, or the value thereof totally destroyed, the owner is entitled to recover the actual cash value of the land at the time of the taking or destruction, with legal interest thereon to the time of the trial. Permanency of injury is the proper test for the application of this rule; and this being so, it is obvious that to warrant its application the act complained of must take a part of, or effect a lasting change in, the realty itself. * * Usually, depreciation in the value is determined by taking the difference between the value immediately before and that immediately after the injury, and in some jurisdictions, where the injury is continuing and recurrent, the rule as to the measure of damages is the difference between the value of the injured premises before and after each repetition of the wrong." 8 R. C. L., § 44, "Damages."

4. In the cause at issue the pleading failed to show a permanent injury to the realty, and hence the court properly allowed the defendant's motion to strike.

5. The defendant moved that plaintiffs be compelled to make more definite and certain that part of their complaint that relates to the renting or leasing of the property. This brings forth the matter of temporary injuries to realty; and, with relation to that matter, we call attention to the following observation by the authority last above noted:

"On the question as to the rule of damages for temporary injuries to realty, there are two well defined lines of authority. In many jurisdictions, the rule is that the measure of damages for such an injury is the reasonable cost of repairing the property, with legal interest to the time of the trial, and, in some states, in addition thereto, the depreciation in its rental value or the value of its use during the period sued for, if it be rented out or owned for rent-

ing. * * In many other states, however, the diminution in the rental value of the property is held to be the proper measure of damages for temporary injuries to property, together with such special damages by way of injury to crops or personal property, and permanent injury to the land as may be shown." 8 R. C. L., § 45, "Damages."

The pleadings in this case brought plaintiffs under neither rule.

6. Did the surviving plaintiff have the right to prosecute this action? The doctrine of survivorship between two persons by whom a cause is instituted is set down by the editors of Ruling Case Law in the following language:

"In case of a joint right, it is for the whole as to each party, and not for any particular part which one party may recover separately. Hence, in the absence of any statutory provision on the subject, a joint cause of action, on the death of one of those in whose favor it exists, survives to the survivor or survivors, whether it is founded in tort or in contract." 1 R. C. L., § 33, "Abatement and Revival."

This doctrine is eminently fair and just; and its application to the facts in this case leaves no room for discussion.

7. Now, taking up the question of punitive damages, we have read the complaint with care in order to ascertain whether it states facts upon which a judgment for punitive damages might be based; but we find nothing in the record in support of the plaintiffs' contention for the recovery of such damages. See the recent case of *Gill* v. *Selling,* 125 Or. 587 (267 Pac. 812), where this question is determined. That the defendant wrongfully entered upon the premises in plaintiff's possession is evident; but there is no

allegation to warrant a finding that in so doing the defendant acted with malice.

8, 9. We have considered the several assignments of error, but find no valid reason for reversing this cause. It is not a proceeding in eminent domain. It is an action for trespass; and, as a basis of such an action, the law requires that the facts constituting the cause of action be plainly and concisely set out in the complaint. We believe that the plaintiffs should have made their complaint more definite and certain by pleading the facts with reference to their inability to lease the property at an adequate rental, thus showing the difference between the rental value of the property with, and without, the gas-main laid thereon. The plaintiffs may have sustained special damages; but, if so, the complaint fails to bring that matter before the court.

This case is affirmed, without costs. AFFIRMED.

COSHOW, C. J., and BEAN and BELT, JJ., concur.