Argued September 10, 1947; affirmed September 23, 1947

# HANNS *v.* FRIEDLY
(184 P. (2d) 855)

In Banc.

*William Huey* and *Gordon A. Ramstead,* both of Eugene, for appellant.

*Windsor Calkins,* of Eugene (Calkins & Calkins, of Eugene, on brief), for respondent.

HAY, J.

Suit for injunction against trespass upon real property. The complaint alleges that plaintiff is the owner of a tract of 39.95 acres of land in Lane County, Oregon; that defendant owns land adjoining such tract; that defendant applied to the County Court for Lane County for the establishment of an easement for a roadway or gateway over plaintiff's land; that viewers were appointed by the court, and that, based upon the report of such viewers, the court made an order establishing a right of way twenty-four feet in width to be located as nearly as practicable on the west line of plaintiff's property and west of the small house thereon, and awarded plaintiff the sum of $5.00 as damages; that defendant, disregarding the county court's order and without authority, "bulldozed" a

road through plaintiff's property to the east of the house, through plaintiff's garden and cultivated ground, has since "continued" to drive trucks over such roadway, threatens to and will continue to do so, and, unless restrained by court order, will gravel the road, all to plaintiff's irreparable damage; and that plaintiff is already damaged in the sum of $250. Permanent injunction is prayed for, with damages.

The defendant, answering, admitted plaintiff's ownership, admitted that he owns property adjoining that of plaintiff, that he petitioned the county court for a roadway or gateway over plaintiff's property, and that such court made an order granting a roadway thereover as alleged in the complaint. He denied all the other allegations of the complaint. Affirmatively, he pleaded:

"That the defendant acting upon the order of the County Court granting to defendant a 24 foot right of way, established a 24 foot right of way as near as practical to the true and correct West line of plaintiff's property and has used said highway and no other across Plaintiff's land."

From the record of the county court proceedings, it may be assumed that defendant sought a way of necessity giving access to his farm from a public road, under section 100-1501, et seq., O. C. L. A.

After a hearing, the trial court made findings and conclusions in favor of plaintiff, enjoined the defendant as prayed for, and awarded plaintiff $250 as damages. Defendant appeals.

It is argued that the court erred in failing to give a reasonable interpretation of the county court's order, consistent with the evidence and the physical facts. It is pointed out that the roadway was sought over plaintiff's property, and that the court had no authority to locate it elsewhere.

In the petition for establishment of the roadway, P. J. Hanns was stated to have been the owner of the land over which a right of way was sought. P. J. Hanns is plaintiff's husband, and the evidence shows that he acted as her agent in the premises. Plaintiff's brief herein waives any question of her nonjoinder in the county court proceedings.

The report of the viewers to the county court stated, in part, as follows:

> "* * * We believe the way should be located as nearly as practicable to the west line of the Hanns property and west of the small house on said property. If this is done, we believe the property of P. J. Hanns will be damaged to the amount of Five Dollars and no other property will be rendered less valuable."

The county court's order confirmed the report of the viewers and granted the petitioner "* * * a perpetual right-of-way, a roadway 24 feet in width as set forth in the papers herein on file as appurtenant to their [his] described land over the property described now belonging to the said P. J. Hanns."

Defendant asserts that the evidence showed that part of the roadway which had been located by the viewers was actually upon public land of the United States. He argues that, under those circumstances, the reference to plaintiff's house as a monument should have yielded to the true location of the west line of plaintiff's property, and that he was entitled to construct his road as nearly along such true line as practicable.

As a matter of fact, the evidence failed to locate the west line. It was conceded by plaintiff and her husband that there has been some dispute as to the location of the line, but the evidence is that plaintiff's house was

erected by her upon what she believed to be her land and that plaintiff, at the time of the county court proceedings, was and for some years had been in possession of the land over which the viewers located the proposed roadway. Moreover, there was evidence that the defendant was present when the viewers and the county surveyor laid out and staked the proposed roadway. The proposed road would have occupied property of little value and would have effected only minor injury to the remainder of the tract. To permit the defendant arbitrarily to construct a road on a line running east of plaintiff's house, through property which she was using for garden purposes, would be to authorize an unlawful taking of her property without adequate notice and without compensation. *Ames v. Union County,* 17 Or. 600, 605, 22 P. 118. While the petition failed to state with definiteness and certainty the location of the right of way which the petitioner sought, it may be gathered therefrom that he was seeking to have a way established over a roadway which, by plaintiff's sufferance, he had used for a period of ten years theretofore. The right of way granted by the county court actually follows such old roadway for about 307 feet, and then, departing therefrom, takes a new line for a distance of 371.5 feet, running west of the house, and close to what was supposed by the parties to have been the west line of the property. When the viewers and the county surveyor were on the ground laying out the proposed roadway, Mr. Hanns told them that, if the roadway were located west of the house and along the bank of a creek which, as he supposed, approximated roughly to the west line of his wife's property, the damage to the property would be slight, and he would ask for no award whatever. The viewers, however, felt that nominal damages at least should be allowed,

and fixed the sum of $5.00 as such. Defendant asserts that, in constructing his road, he followed the true west line and thus carried out the intention of the parties. We are unable to accede to this assertion. The parties' intentions were indicated by a map prepared by the county surveyor, which is in evidence, and by the call, in the county court's order, to plaintiff's house as a monument. Such call, being to an object clearly described, definitely located, and easily identified, must take precedence over the call to the west line of plaintiff's property, especially in view of the fact that the true west line was not found. Section 70-111, O. C. L. A.; *Baker County v. Benson,* 40 Or. 207, 218, 66 P. 815; 8 Am. Jur., Boundaries, sections 50, 53. If the parties and the viewers were mistaken in assuming that the proposed roadway ran through plaintiff's property, that fact gave the defendant no right to construct a roadway over such property upon another location arbitrarily selected by himself. *Cullison v. Hotel Seaside, Inc.,* 126 Or. 18, 22, 268 P. 758.

It is argued that there was no affirmative evidence that the road which defendant constructed actually runs over plaintiff's land and that the decree, in this connection, is not supported by the evidence. There was, however, no need for evidence upon this point, as the answer admitted construction of the road over plaintiff's premises. In any event, plaintiff's possession of the land, as evidenced by her having erected and maintained a residence thereon, and by her cultivation of the very land through which defendant ran his road, raised a disputable presumption of ownership. Section 2-407 (12), O. C. L. A.; 20 Am. Jur., Evidence, section 235; 42 Am. Jur., Property, section 22.

It is suggested that the court erred in failing to

order a survey to be made to determine the true location of the west line, as requested by the prayer of defendant's answer. Defendant, in this connection, contends that equity, having taken jurisdiction of the controversy, should have retained jurisdiction to administer complete relief, and thus have avoided the necessity for a multiplicity of suits.

■ The fact that defendant, having constructed the road, now asks the court to establish the true west line of the property is in itself an admission that he built the road without knowing where the true line was. He was about to gravel the surface of the roadway, and an action at law for mere damages would not have afforded plaintiff an adequate remedy under the circumstances. Equity had jurisdiction to afford her protection against the wrongful taking and detention of her property. 19 Am. Jur., Equity, section 147; *Haines v. Hall,* 17 Or. 165, 173, 20 P. 831. If the establishment of the true west line of the property were ancillary to the main issue in the case, then the court might have retained jurisdiction for that purpose. 8 Am. Jur., Boundaries, section 86. In *Williams v. Goose Lake Valley Irr. Co.,* 83 Or. 302, 163 P. 81, the defendant, a public service corporation, had entered upon plaintiff's land and, without authority, had constructed a ditch thereon. Plaintiff brought an action for damages. In its answer, the defendant set up a cause of suit for expropriation of the property trespassed upon, by right of eminent domain, and asked the court to assess plaintiff's damages in the premises. This court held that such pleading was not a proper defense to an action for damages. While that case was an action at law, the reasoning of the court is applicable here on the question of whether or not the relief sought by this defendant

was ancillary to the main subject of the suit. We quote from the opinion:

"* * * The question to be considered is whether such a defense is proper in an action of this kind. If the entry upon the plaintiff's premises had been made pursuant to his license, or if an honest mistake had been made by the defendant as to the reputed owner of the land with whom it settled and to whom it paid a reasonable compensation so as to justify the trespass, the compensation to be paid for the real property taken and the damages sustained by the entry might have been determined in the same suit or action: Oregon R. & N. Co. v. Mosier, 14 Or. 519, 13 P. 300, 58 Am. Rep. 321; Larsen v. Oregon R. & N. Co., 19 Or. 240, 23 P. 974; Oregon R. & N. Co. v. McDonald, 58 Or. 228, 112 P. 413, 32 L. R. A. (N. S.) 117, note. * * * If a corporation authorized to appropriate land could take possession of the part desired without license or condemnation, and when sued by the owner for the damages thus inflicted be permitted to have determined in the same action the reasonable compensation of the property unlawfully entered upon, such a course might induce a violation of the constitutional guaranty and thereby defeat the owner's relative right to exclude others from the possession and enjoyment of his premises. Though it is the general policy of the law to settle, if possible, in a single suit or action all accrued conflicting claims of the adverse parties, that rule ought not to obtain in such an action as is here involved. No error was committed in striking from the answer the separate defense that was interposed."

*Williams v. Goose Lake Valley Irr. Co.*, supra, at p. 304.

■■ Assuming that the county court's order located the road in part upon land not owned by plaintiff, then, as to that part, the defendant acquired no easement over plaintiff's property. His remedy would appear

to have been by way of further proceedings in the county court. We hold that location of the true west line of the property and establishment of a roadway on or near such location was a matter not ancillary to the main issue in the suit, and that the court's refusal to consider such matter was not error.

The defendant says that the court erred in holding that the defendant must place his roadway over premises shown by the evidence to be public land of the United States. The court did not so hold. It held only that the defendant had trespassed upon plaintiff's land, and, without authority, had constructed a roadway thereover. Such holding certainly does not require defendant to construct a roadway over public land of the United States or anywhere else.

■ Error is predicated upon the granting of an order permanently restraining defendant from trespassing upon plaintiff's land and from using the road which he had ''bulldozed'' over such land. It is argued that the decree debars defendant from using any portion of such road. The county court's order should have been more specific in its description of the right of way granted. For description, it referred to ''the papers herein on file''. Such papers included a map, above referred to, of plaintiff's land, showing the proposed roadway. The blueprint clearly shows that a portion of the roadway lies within the boundaries of plaintiff's land, even allowing for a shifting of the west line twenty-five feet to the east, which is the extent to which defendant's surveyor witness thought it was out of line. The decree did not order defendant to refrain from using any portion of the old road. It enjoined him from trespassing upon plaintiff's land, and from using, in lieu of the roadway granted him by the county

court, the road which he had bulldozed over such land east of the house.

Finally, it is urged that the court erred in awarding the plaintiff damages in the sum of $250. Defendant says that the court used an erroneous measure of damages. The only evidence for plaintiff on the matter of damages was her own testimony. In response to the question: "And what would you say, considering the taking and bulldozing of the property and the destruction of your garden, what would you say that you had been damaged?", she answered: "I think it would be at least two hundred and fifty dollars." Counsel for defendant then objected to the question, on the ground that the witness was not qualified. The court ruled that, as owner of the property, she was qualified. Testifying further, plaintiff said that she based her opinion upon the fact that she had intended to plant things in that area (apparently referring to the whole tract); that there was already one road through there, and that the other one going through took up quite a bit of the land. She indicated that she wished to make an enclosure of the property, taking in the old house, which was the reason why she wanted to have the roadway located at the very extreme west of the property, to the west of the house. Defendant's only objection was as to the qualification of the witness. He made no suggestion that the question involved an improper measure of damages.

It is a general rule that the owner of property is regarded as qualified to testify as to its value, and that he may so testify without any foundation being laid other than the fact of his ownership. 32 C. J. S., Evidence, section 545 (2); 20 Am. Jur., Evidence, section 897; *Moss v. Peoples Calif. Co.*, 134 Or. 227, 237, 293

P. 606. Plaintiff's property is less than forty acres in area. She has owned it since 1937, and is familiar with it. In our view she was qualified to express an opinion as to its value. The measure of damages for permanent injury to real property is the difference between the market value of the property before and after the injury suffered or, in other words, the diminution in market value which the property has sustained by the injury. *Huber v. Portland Gas & Coke Co.*, 128 Or. 363, 367, 274 P. 509. Defendant complains because plaintiff was permitted to give her opinion on the quantum of damage. If proper objection had been made, such testimony would have been incompetent. *Pacific Ry. & Nav. Co. v. Elmore Packing Co.*, 60 Or. 534, 538, 120 P. 389; *Smith v. Pallay*, 130 Or. 282, 288, 279 P. 279; *Coos Bay Logging Co. v. Barclay*, 159 Or. 272, 291, 79 P. (2d) 672; 20 Am. Jur., Evidence, section 903. No such objection was made. Incompetent testimony which has been admitted without objection has the force and effect of competent evidence. 20 Am. Jur., Evidence, section 1185; *Donaghy v. O.-W. R. & Nav. Co.*, 133 Or. 663, 697, 698, 288 P. 1003, 291 P. 1017. Under the circumstances, the court did not err in assessing plaintiff's damages.

THE DECREE IS AFFIRMED, WITH COSTS.