**I. B. WAND and Alice R. Wand, Plaintiffs,**

v.

**REYNOLDS METALS COMPANY, a corporation, and Henry W. Shoemaker, Defendants.**

**Civ. No. 264–59.**

United States District Court
D. Oregon.

July 21, 1961.

Herbert H. Anderson, Koerner, Young, McColloch & Dezendorf, Portland, Or., for plaintiffs.

Fredric A. Yerke, Jr., and Clifford N. Carlsen, Jr., King, Miller, Anderson, Nash & Yerke, Portland, Or., for defendants.

EAST, District Judge.

Parties in Jurisdiction

Plaintiffs I. B. Wand and Alice R. Wand (Wands), husband and wife, are citizens of the State of Oregon, and the defendant Reynolds Metals Company, a corporation (Reynolds), is a citizen of, with its principal place of business in, the State of Delaware, and the defendant Henry W. Shoemaker (Shoemaker) is a citizen of the State of Washington. The amount in controversy at the time of removal of this cause to this Court from the Circuit Court of the State of

Oregon for Multnomah County on July 13, 1959, exceeded the sum of $10,000, exclusive of interest and costs, and this Court has jurisdiction by reason of diversity. 28 U.S.C.A. § 1332.

### Segregated Legal Issue

By stipulation obtained in the pretrial order approved herein, it was stipulated that trial of this action would be expedited if the issue relating to the legal effect of the release of Wands, duly executed and issued to Reynolds under date of July 18, 1957, and identified as Exhibit 124, was adjudicated by the Court separately and prior to the trial of the remaining issues presented in this action.

### Background Facts

Plaintiff I. B. Wand grew lily bulbs commercially in the eastern part of Multnomah County, Oregon, from a time prior to the year 1946, either individually, or in partnership with his brothers, Alex Wand and George Wand. From the year 1946 until sometime during the year 1953, this plaintiff engaged in said business with his brothers under the assumed name and style of Wand Lily Gardens. After Alex Wand withdrew from the partnership in the year 1953, plaintiff I. B. Wand and George Wand engaged in said business under the same assumed name and style until the partnership was dissolved in 1954, at the termination of the bulb-growing season. During the years 1955 and 1956, plaintiff I. B. Wand carried on said business individually. He liquidated his bulb stock in the year 1956, and has not engaged in the bulb-growing business since that time.

The Wands are now and have been since 1946 the owners as tenants by the entirety of the three tracts of real property which are the subject real property of this action, used by them and their copartners in the bulb-growing enterprises aforesaid. The Wands claim that Reynolds has operated an aluminum reduction plant at Troutdale, Oregon, since on or about September 23, 1946. Defendant Henry W. Shoemaker is the manager of the said plant, and was manager during the period from May 1, 1957, to the time plaintiffs filed their complaint in this cause.

Sometime after 1951, plaintiff I. B. Wand, Alex Wand and George Wand asserted the claim that gases, fumes and particulates emanating from the Troutdale aluminum reduction plant during the years 1950 and 1951 had caused injury to the produce of lands being used by them. On or about July 18, 1957, they executed pretrial Exhibit 124, which provided in part:

" * * * Whereas, settlement and compromise of the said claims has been agreed upon by and between Reynolds Metals Company and said I. B. Wand, Alex Wand and George Wand,

"Now, Therefore said I. B. Wand, Alex Wand and George Wand dba Wand Lily Gardens, for and in consideration of the sum of $7500.00 to them in hand paid by Reynolds Metals Company, * * * have remised, released and forever discharge * * * said Reynolds Metals Company * * * their respective officers, agents, and employees, successors and assigns, * * * of all and from all and all (sic) manner of actions and causes of action, suit and causes of suit, trespasses, damages, charges, expenses, debts, dues, sums of money, covenants, contracts, agreements, promises, claims and demands of any kind or nature which against said Reynolds Metals Company, * * * and their respective officers, agents and employees, * * * or any of them, said I. B. Wand, Alex Wand and George Wand * * * or any of them hereafter can, shall or may have by reason of the location, existence or operation of said Troutdale Aluminum Plant *at any time up to and including the day and date of these presents* for injuries or damages to person or property both real and personal, owned or

claimed by said I. B. Wand, Alex Wand and/or George Wand, as owner, possessor, tenant or lessee of whatsover nature, whether known or unknown." [Italics supplied.]

Reynolds and Shoemaker, under the segregated issue, contend that by reason of the execution of Exhibit 124 aforesaid, the Wands have released and satisfied any and all claims, if any, which the Wands, or either of them, have against Reynolds and Shoemaker, or either of them.

Conclusion

The Court concludes that Reynolds' and Shoemaker's position is unsound. Wands do not claim that they were permanently forced out of business. Wands' position is that they contemplated a possible reduction or elimination of the alleged interference and trespass, such that resumption of the bulb-growing business would be possible. The case at bar may be distinguished from Razzano v. Kent, 1947, 78 Cal.App.2d 254, 177 P.2d 612. In the cited case the original trespass caused permanent damage in a reasonably ascertainable amount, whereas here Wands' claim is not based upon permanent, certain injury. Rather it is for injury and damage based upon conduct of Reynolds and Shoemaker occurring subsequent to the release, caused by continuing trespassory invasions which may in the future be eliminated. See also, Huber v. Portland Gas & Coke Co., 1929, 128 Or. 363, 274 P. 509; Fairview Farms v. Reynolds Metals Co., D.C.Or.1959, 176 F.Supp. 178. At the time of the release there was no damage certain to result in the future. On the segregated issue, Wands must prevail.

The Court concludes that on this segregated issue of law the release (Exhibit 124) does not bar Wands' action herein.

Counsel for Wands shall submit appropriate order in conformity with the foregoing.