Argued April 8, affirmed May 3, 1977

# DAGG et al, *Appellants,*
## *v.*
# DEPARTMENT OF REVENUE, *Respondent.*
## (No. 954, SC No. 24492)

563 P2d 670

H. William Barlow, of Allen, Stortz, Barlow & Fox, Salem, argued the cause and filed a brief for appellants.

James D. Manary, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Theodore W. de Looze, Chief Tax Counsel, Salem.

Before Denecke, Chief Justice,** and Holman, Lent, and Davis, Justices.

HOLMAN, J.

## HOLMAN, J.

Plaintiffs appeal from the decision of the Oregon Tax Court affirming the assessed valuation of plaintiffs' beach front property at $12,000 for land and $27,350 for improvements as of January 1, 1974. Plaintiffs claim that the Tax Court erred (1) in failing to consider the valuations of nearby properties established in small claims proceedings in the Tax Court, and (2) in holding that plaintiffs had not sustained their burden of proving that the value of the property was less than the value at which it was assessed for tax purposes.

Plaintiffs purchased a beach front lot on the Salishan Spit in July 1971. They paid $18,000 for the land and $34,000 or $35,000 to build a house thereon. In late 1972 and early 1973 violent storms severely eroded land on the Spit, including part of plaintiffs' land. Plaintiffs spent $8,000 on rock ballast for the purpose of protecting their land from being eroded again. Their neighbors to the north did likewise, but their neighbors to the south did not, with the result that plaintiffs' land and protective rock ballast are exposed to erosion from the south.

Plaintiffs' land had been previously appraised at $16,000 and the improvements at $36,470. All property in the vicinity of the erosion, including plaintiffs' property, was assessed at 25 per cent less than the prior appraised value, due to the risk of further erosion. In addition, Salishan property, including plaintiffs' property, was not subjected to a 15 per cent blanket increase in valuation applied to other Lincoln County properties. No increase in valuation was made on account of plaintiffs' investment in the rock ballast.

1. During the course of the trial in the Tax Court, plaintiffs offered in evidence three judgments of the Small Claims Division of the Tax Court relating to other lots damaged by erosion. The court excluded them from evidence on the basis of ORS 305.555:

"Judgments. The judgment in the small claims divi-

sion shall be conclusive upon all parties and may not be appealed, and may include orders to the Department of Revenue, board of equalization and other proper officers to correct an assessment roll or a tax roll, or both, modify or cancel an assessment, pay or allow a refund to take such other action as may be necessary to effectuate the judgment. *A judgment shall not be considered as judicial precedent or be given any force or effect in any other case, hearing or proceeding.*" (Emphasis added.)

There is no apparent ambiguity in the statutory language or in the legislative history.[1] A literal reading of ORS 305.555 is consistent with at least two possible policy views. One view is that a judgment is necessarily only as good as the evidence considered in making it. *See Menasha Corp. v. Dept. of Rev.,* 6 OTR 313, 317 n 2 (1976). Given the informality of small claims proceedings, ORS 305.545, it may be especially prudent not to consider the resulting judgments as evidence in other cases. A second view is that the desirable informality of small claims proceedings, designed to give individual taxpayers a "day in court,"[2] depends in part on the relatively small amounts in controversy. If small claims judgments are given evidentiary weight in cases involving greater sums, both taxpayers and tax collectors may insist on more formal (and more expensive) adjudication. In the light of statutory language, legislative history and public policy, we conclude that the Tax Court correctly applied ORS 305.555.

■■ Plaintiffs argue that ORS 305.555 should not have

---

[1] The Oregon State Bar Committee on Taxation, which drafted the bill creating the Oregon Tax Court, described small claims proceedings in 1960 Oregon State Bar Committee Reports 195:

"\* \* \* \* \*.

"\* \* \* Proceedings before the small claims division (which is to sit in various localities throughout the State) are to be informal, so as to encourage taxpayers who feel aggrieved to bring their matters before an impartial judge at the smallest feasible cost. Judgments in the small claims division are to be rendered without opinion, are to be binding only as to the exact case in which they are rendered and are not to be considered as precedent in any other hearing, suit or proceeding."

[2] *Id.* at 196.

been applied because one of defendant's witnesses referred to one of the small claims judgments in his own testimony. The Tax Court indicates that it did not consider this testimony as evidence. Plaintiffs insist, however, that defendant waived any objection to the use of the judgments as evidence. They cite *Hanns v. Friedly,* 181 Or 631, 642, 184 P2d 855 (1947) for the proposition that "[i]ncompetent testimony which has been admitted without objection has the force and effect of competent evidence." This proposition is inapplicable to the present case since the judgments were never admitted into evidence at all. Moreover, *Hanns v. Friedly* holds only that it is not error for a court to consider incompetent evidence in the absence of timely objection. It does not hold that it is error for a court to refuse consistently to consider incompetent evidence whether or not there is objection.

■ Since the small claims judgments were correctly excluded from evidence, plaintiffs' only evidence of value was the testimony of a plaintiff who is a practicing architect. Plaintiffs also claim as evidence of value testimony that erosion completely destroyed some lots and that following the severe erosion there were no sales in the area for over two years. This testimony points out the difficulty of determining value, but it does not aid in that determination.

■ As to the value of the improvements, defendant presented the testimony of an experienced appraiser who, using a cost-per-square-foot method for estimating replacement cost less depreciation, determined the value to be $36,470. However, the improvements were assessed at $27,350 due to the risk of further erosion. Plaintiffs' architect had no firm opinion as to the value of the improvements. His testimony that he "would think" $25,000 might be more accurate was given without indication of the means by which he arrived at such figure. The Tax Court correctly held that this testimony was insufficient to sustain plaintiffs' burden of proof.

[ 163 ]

■ As to the value of the land, defendant presented the testimony of another appraiser. Given a dearth of market data, this appraiser resorted to what the Tax Court calls a "novel and ingenious formula" involving the differences between the asking and selling prices of two lots sold in 1975. On the record before us, his computations are incomprehensible and useless. We notice from his data, however, that prior to the severe erosion, lots in the area had sold for $20,000 to $25,000, whereas, more than two years later, two yet unimproved lots sold for approximately $17,000 each. In opposition to the assessed value of $12,000, plaintiffs' architect testified, without having indicated any expertise as to the market value of land, that, in his opinion, plaintiffs' land would not be worth more than $4,000 or $5,000, but he failed to indicate the basis on which he formed this opinion. Although neither side produced any really useful evidence of the value of plaintiffs' land, the Tax Court correctly held that plaintiffs did not sustain their burden of proof.

The decision of the Tax Court is affirmed.