[Filed April 30, 1891.]

## SOL. ABRAHAM v. NANNIE L. OWENS.

INVASION OF ANOTHER'S RIGHTS — NOMINAL DAMAGES.—Any invasion of another's rights of property entitles the person whose rights are invaded to at least nominal damages.

JUDGMENT FOR TRESPASS ON LAND — ESTOPPEL.—In an action for trespass on land where the defendant pleads *liberum tenementum*, and there is a judgment for the plaintiff in another action between the same parties, where said judgment is relied upon as an estoppel, it is for the party setting up said estoppel to show by evidence in what part of the close the trespass was committed, and thus apply the issue and judgment to the premises.

PERMISSIVE OCCUPANCY, NOT ADVERSE.— A permissive occupancy, no difference how long continued, is never adverse.

Douglas county: R. S. BEAN, Judge.

Defendant appeals. Affirmed.

This controversy arises on the cross-bill filed by the respondent to the appellant's complaint in the original action of *Nannie L. Owens* v. *Sol. Abraham* pending in the circuit court of Douglas county, Oregon. The cross-bill alleges substantially the following facts: That this plaintiff is the owner in fee simple and in the possession of the following described tract of land situated in the county of Douglas and state of Oregon, to wit: Beginning at the northeast corner of block 33, in the town of Roseburg, on Spruce street; running thence south on the line of said street 160 feet; thence west to the South Umpqua river; thence along the bank of said river down to the line of Washington street; thence on the line of Washington street east to the place of

beginning; that the said defendant is the owner in fee simple and in the possession of the following described tract of land situated in the county of Douglas, state of Oregon, to wit:   A tract of land bounded on the north by what was formerly known as Hyman Abraham's land adjoining the city of Roseburg; on the west by the west boundary line of Aaron Rose's donation land claim, being claim No. 60 in township 27 south, range 6 west; on the south by Oak street, in the city of Roseburg, on the extended line of said street; on the east by a line drawn parallel with the west boundary line of said town plat from said north boundary line of Oak street to the land formerly owned by Hyman Abraham; that said land owned by this plaintiff hereinbefore described, and the land owned by the defendant hereinbefore described, lie and are adjacent to each other; that there is between this plaintiff and this defendant a controversy and dispute concerning their boundary and dividing line between their said tracts of land; that this plaintiff claims that a certain fence, heretofore constructed by him, and now standing between the tract owned by him and the tract owned by the defendant, is upon and is the true boundary and dividing line between his lands and those of the defendant; that the defendant derived her title to said tract of land owned by her by a deed from Sarah Owens, who was formerly the owner in fee simple of the same; that on the 21st day of January, 1881, the said Sarah Owens was the owner of the tract aforesaid, and this plaintiff was the owner in fee simple of the tract hereinbefore described as owned by him; that at said time a controversy existed between this plaintiff and the said Sarah Owens in regard to the true boundary and dividing line between said tracts; that it was then mutually contracted and agreed between this plaintiff and the said Sarah Owens that W. H. Byars, a surveyor, should, on behalf of said parties, run, survey and establish said boundary line, and that this plaintiff and the said Sarah Owens should and would stand to and abide by the determination of said W. H. Byars in the premises, and that the line he should run

should be forever after taken and held to be the true bound-
ary and dividing line between said tracts.  It is then alleged
that Byars run and established the line where the fence now
is on the 21st day of January, 1881.

The answer denies the material allegations of the com-
plaint, and then alleges a further defense in substance:
That the plaintiff ought not to be admitted to say that the
boundary line between the plaintiff's and defendant's land
is as claimed by the plaintiff, or that the fence heretofore
constructed by him is upon the true boundary and dividing
line between his lands and those of the defendant, for the
reason that in an action brought by this defendant, who
was then plaintiff, and against this plaintiff, who was then
defendant, in the circuit court of Douglas county, Oregon,
on the 26th day of August, 1888, which was brought by the
plaintiff therein to recover from defendant therein and
plaintiff here and other defendants damages for trespassing
on said premises and wrongfully taking possession thereof,
alleged to have been done by said defendant in the com-
plaint in said cause on the 20th day of December, 1887,
which said premises are identical and the same as in dis-
pute here, in which said action the plaintiff there did in
her complaint allege that she was the owner in fee of said
strip of land, to which complaint this said plaintiff and
defendant therein did file an answer in said court in which
he denied said plaintiff's ownership in fee or otherwise of
said premises, and did allege that he was the owner thereof,
and did set up in said answer, as a further and separate
defense, the following matter, to wit:  Then follows sub-
stantially the same matter in relation to the Byars survey
that is contained in this complaint.  The answer then
alleges that Abraham employed the other defendants in
that action to remove and they did remove said division
fence off his land on to the true division line aforesaid,
doing no unnecessary damage to the plaintiff's lands, as
they might and could lawfully do, which are the acts men-
tioned and complained of in plaintiff's complaint.  It is then

alleged that issue was duly taken on each and every material allegation by the reply, and that the plaintiff in that action recovered a judgment for thirty dollars damages. Another separate defense is the statute of limitations. The plaintiff's reply denies the new matter in the answer. The evidence having been taken in writing, the cause was duly tried and a decree rendered in favor of the plaintiff, from which this appeal was taken.

*J. W. Hamilton*, for Appellant.

*J. C. Fullerton*, for Respondent.

STRAHAN, C. J.—The parcel of land in controversy in this suit consists of about one acre. It was conceded upon the argument here, and the evidence very satisfactorily establishes the fact, that the tract is included within the calls of the plaintiff's deeds, and that he is entitled to the same unless his right thereto is defeated by one or both of the defenses pleaded in the defendant's answer. It is to the answer, then, and the facts shown in support thereof, that our attention must be directed.

The first question demanding our attention is the judgment pleaded in the answer as an estoppel. In the first place, the defendant has failed to put in evidence the judgment roll in the case of *Nannie L. Owens* v. *Sol. Abraham et al.*, mentioned in the pleadings. It is true several papers, separately certified, each of which would have constituted a part of the judgment roll, as defined by section 272, Hill's Code, if any such document exists in the cause, accompany the transcript. But these papers, if competent in the disjointed and disconnected form in which they appear, are not so certified as to entitle them to be read in evidence. The certificate to each paper recites that the copy has been compared by the certifying officer with the original on file in his office, and that it is a true and complete transcript therefrom. The statute requires the certificate to show among other things that the copy is a correct transcript therefrom and of the whole of such original. I advert to this condition of the record not for the purpose of placing

the decision of the case on these points, but for the purpose of correcting if possible an abuse too common of annexing certificates to every paper used in such case instead of allowing one certificate to authenticate the entire record. Such a course of practice adds enormously to the expense of litigation, and where a large number of papers are to be examined, very much to the labors of the court.

Does the record, then, preclude all inquiry into the state of the title between these parties? That is the question to be determined. All that part of it relating to the agreement between Abraham and Owens in relation to the Byars survey, and that the line ascertained by him should be forever observed by the parties as the true boundary line between them, must be left out of this inquiry, for the reason that those allegations could not, in a court of law, affect the title no difference which way the fact might be found. If such an agreement, followed by performance, could have any effect, it could, at most, only create an equity, over which a court of law had no jurisdiction in this state at the time of this litigation. It must be further observed that Abraham by his answer in that action alleged that after the Byars survey he employed his co-defendants to remove, and they did remove, the division fence off his land on the true division line aforesaid, doing no unneccessary damage as they could and might lawfully do, which are the acts mentioned and complained of in the complaint. This allegation is not denied by the reply. Therefore, upon the face of this record it stood confessed that Abraham moved the division fence off his land upon the line, and that he did no unnecessary damage. This allegation, properly construed, means that he placed said division fence partially on the lands of Mrs. Owens, and that in doing so he did her some damage, but that the same was necessary. The defendant in that case had no right to place any part of his fence on the lands of Mrs. Owens without her consent, and if he did so he was liable to her in damages without any regard whatever to the title to the strip of land now in dispute. In such case

it was a violation of her rights of property, and in legal con-
templation caused nominal damages at least.

But passing this question we approach the main point
upon which the appellant relied in the appeal, and that is,
that the plaintiff in this suit is estopped by the record
under consideration. In an action to recover damages for
a trespass upon lands, and the plea is *liberum tenementum,*
the party seeking to avail himself of the estoppel must
carry his proof further than simply to introduce the record
and rest. As was said in *Dunckel* v. *Wiles,* 11 N. Y. 420, per
W. F. ALLEN, J.: "The law says that plaintiff in trespass
*quare clausum fregit* can recover upon showing title to any
part of the close described in the declaration, if the act
complained of was done on that part; and the allegation of
title is divisible, and the substance of the issue, no matter
how comprehensive the claim may be, is as to the title to
the precise spot in which the trespass was committed. It
follows, then, that the title to the whole close was not
actually or presumptively in issue. No legal presumption
can exist that the finding of the jury was beyond or more
comprehensive than the issue, and certainly no presumption
should be indulged in favor of an estoppel which is designed
to conclude a party by excluding evidence of the truth. It
was for the defendant to show by evidence in what part of
the close the trespass was committed, and thus apply the
issue and judgment to the premises now in controversy."
And the learned judge adds: "If, as I think is clear on
principle and authority, the judgment is only evidence that
the title to some part of the premises in dispute in the
trespass suit is in the defendant, it was for him to locate
that part by proof and show that it embraced the premises
in dispute in this action." If this reasoning is sound, and
I see no reason to doubt it, inasmuch as no evidence what-
ever was introduced locating the trespass, we are bound to
assume that damages were assessed for the trespass admitted
by the answer committed in moving the alleged division
fence off of plaintiff's land, and that in the doing of that

act the plaintiff in that action suffered some damage. This view of the subject disposes of the estoppel.

The defense of the statute of limitations must also fail. Mrs. Owens, under whom defendant claims, says she never set up or intended to claim any land not within the calls of her deed; and, further, it very clearly and conclusively appears from the evidence that for a great many years, whatever authority she exercised over the premises in dispute was permissive on the part of Mr. Abraham; that she fully recognized his title, and that he agreed with her that he would never disturb her as long as she wished to occupy it. It would be a misnomer and a confusion of all legal distinctions to call such an occupancy adverse, or to suppose that by a continuance for any length of time it might be the source of title by adverse enjoyment.

The decree appealed from must therefore be affirmed.

BEAN, J., having presided at the trial of this case in the court below, did not sit h