Argued May 21, reversed August 12, 1953

## SLEEP *v.* MORRILL

260 P. 2d 487

*John M. Eaton* argued the cause for appellant. On the brief were Eaton & Thomas, of North Bend.

*William E. Walsh,* of Coos Bay, argued the cause and filed a brief for respondent.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, TOOZE and PERRY, Justices.

TOOZE, J.

This is an action for damages for a trespass on real property, brought by Tena Sleep, as plaintiff, against J. L. Morrill, as defendant. The trial resulted in a verdict and judgment in favor of defendant, from which plaintiff appeals.

Plaintiff is the owner of the north one-half of the northeast one-quarter of section ten, township twenty-six south of range thirteen west of the Willamette Meridian, in Coos county, Oregon. In 1949, defendant purchased a tract of land adjoining that of plaintiff, and immediately commenced to clear it of brush and trees. In the process of clearing his land, defendant caused to be deposited upon the lands of plaintiff five fallen trees, together with some tree limbs and other debris. This invasion of plaintiff's property by defendant was against plaintiff's will and without her consent, and is the trespass involved in this litigation.

Upon the trial, the defendant, as a witness, admitted the trespass. There was no evidence to the contrary. Defendant also admitted that it would cost approximately $25 to clear plaintiff's land of the material he had deposited thereon. The estimates of other witnesses as to the cost of removing this material varied from $20 to $600. Plaintiff in her complaint demanded compensatory damages in the sum of $500 and punitive damages in the sum of $1,000.

After both parties had rested on the trial, and be-

fore the court instructed the jury, plaintiff moved as follows:

"Plaintiff at this time would move for a directed verdict to the effect that the jury only consider damages for the plaintiff and must find a verdict for the plaintiff.

"The Court: That is a matter for instructions which I will now give to the jury."

The court instructed the jury as follows:

"So far as this case is concerned at this time, even though it is denied in the answer, it is admitted by the testimony of the defendant himself and by his attorney in argument that there was a trespass, *so it is a further question then for you to determine whether or not that trespass was actionable or not, in other words whether damage resulted from it or not,* so in reality that is the only question left, *whether or not there was any damage.*

"\* \* \* \* \*

"Now we come to the question of damage in this case, if any. *In order to return a verdict for the plaintiff in this case you would have to assess damage in some amount.* You couldn't bring in a verdict for the plaintiff for no damages, you would have to assess some amount of damages, *if you find that there was damage.*

"\* \* \* \* \*

"Juror: Could I ask a question, if we find no damages, I don't understand the verdict?

"The Court: You couldn't return a verdict for the plaintiff for no damages. *If you find that there has been a trespass and no damages, you would have to find a verdict for the defendant,* under the conditions, if that is the finding. Of course it is up to you what you would find." (Italics ours.)

Plaintiff saved the following exception:

"I except to the instruction of no verdict for the plaintiff in the event that they find no damage."

■ Under defendant's own admissions and the undisputed evidence in the case, plaintiff was entitled to a verdict in her favor. The only question in dispute was the amount of the damage. The motion made by the plaintiff upon completion of the testimony was a clear request to the court for a peremptory instruction to that effect. Such an instruction should have been given.

In *Treadgold v. Willard,* 81 Or 658, 669, 160 P 803, we said:

"When a cause is finally submitted, if it appears from the evidence received that one of the parties is entitled, as a matter of law, to a particular finding of fact, it is incumbent upon the court when so requested to direct a verdict to that effect * * * *"

■ It is well settled that every unauthorized entry on the land of another is a trespass, even if no damage is done. *Huber et ex. v. Portland Gas & Coke Co.,* 128 Or 363, 366, 274 P 509; *Kesterson v. California-Oregon Power Co.,* 114 Or 22, 31, 228 P 1092.

In 63 CJ 1035, Trespass, § 225, the following rules are stated:

"Every trespass gives a right to at least nominal damages, even though the act was a benefit to plaintiff. One whose property rights have been invaded by a tortious act can without proof of any amount of damages recover a nominal amount for the purpose of vindicating his right."

■ Although the amount or items of damages will not be presumed, but must be established by proof, nevertheless, where the evidence shows the violation or infringement of a legal right, the law will presume damages sufficient to sustain an action, which damages

may be only nominal and not capable of exact measurement.

In 25 CJS 466, Damages, § 9, it is said:

"Although the law presumes damage from the infringement of a legal right, * * *, the amount of damage so presumed is only nominal; * * *, where a legal wrong is established but there is no evidence as to actual damages, nominal damages are properly awarded. In other words, where plaintiff establishes a cause of action but fails to show any damage, he may recover nominal damages."

Also see 15 Am Jur 395, Damages, § 8.

The rules stated in 26 RCL 971, § 48, are applicable to the instant case. It is there stated:

"The law conclusively presumes damage in every case of trespass. Hence, *the plaintiff in an action of trespass is always entitled to some damages, if trespass be shown,* even though they may be merely nominal. This is true even though the plaintiff was benefited by the act of the defendant. *Hence, it is error for the court to instruct the jury that if they believe no injury or damage was done by the trespass of the defendants, they should render a verdict in favor of the latter.* All damages of which an injurious act was the efficient cause, and for which the plaintiff is entitled to recover in any form, may be recovered in an action of trespass, although in point of time the damage did not result till some time after the act was committed. Any circumstance attending the commission of the trespass may be given in evidence with a view of affecting the damages, save where the circumstances within themselves constitute an independent cause of action. *The damages should be such as will put the plaintiff in the same situation he would have been in if the injury alleged had not been committed;* but in an action for placing earth on the plaintiff's lot, he cannot recover as damages what it would cost to remove the earth, if the lot

was in fact benefited thereby, and this question is for the jury to determine, with reference to the use for which the plaintiff intended the lot." (Italics ours.)

Also see 52 Am Jur 872, Trespass, § 47.

■ It seems clear from the evidence in this case that plaintiff's property received no permanent injury from defendant's tortious acts. It appears that the removal of the trees and other debris would eliminate the entire damage caused by the trespass. No contention is made that plaintiff's lands were benefited in any way by the deposit thereon of the material in question, as was the case where earth had been placed upon plaintiff's property, as mentioned in the quotation from 26 RCL, supra. The cost of removing the trees and debris from plaintiff's premises was a proper measure of the damages she sustained because of the trespass. By his own testimony, defendant fixed the cost of such removal in the sum of $25. The lowest estimate of such cost, made by one of defendant's witnesses, was the sum of $20.

In the light of defendant's own admissions and the undisputed evidence in the case, plaintiff was entitled to a judgment in her favor in a sum of at least $20. The evidence conclusively established actual damages as the result of defendant's wrongful acts, and this is not a case involving nominal damages only.

■ The trial court erred in instructing the jury that it might return a verdict for the defendant in the event no damage was found because (1) the evidence conclusively showed some actual damage, and (2) in any event, plaintiff was entitled to nominal damages. Defendant was not entitled to a verdict in any view of the evidence.

The judgment is reversed.