Argued January 9, affirmed February 22, 1974

HAMPTON ET UX, *Appellants, v.* PORTLAND
GENERAL ELECTRIC COMPANY,
*Respondent.*

519 P2d 89

*Terry G. Hannon,* Gresham, argued the cause and filed a brief for appellants.

*David N. Hobson,* Portland, argued the cause for respondents. With him on the brief were Phillips, Coughlin, Buell, Stoloff & Black, Portland.

O'CONNELL, C. J.

This is an action of trespass to recover damages resulting from defendant's severance of trees on plaintiffs' land. Plaintiffs appeal from a verdict in favor of defendant.

Plaintiffs are the owners of a narrow strip of land approximately 500 feet long and 85 feet wide which lies adjacent to a paved road in a rural area in Clackamas County. Defendant, which maintained a power line along the border of the property, found it necessary to clear the line of trees which were coming in contact with the line. Defendant cut down some of the trees, consisting principally of alder and hawthorn. Defendant's witness testified that most of the trees were rotten or broken off as a result of wind or snow.

Plaintiffs' property is zoned as rural agricultural single-family residential. However, there was testimony to the effect that the property was not adaptable to residential uses because it did not conform to the minimum requirement for drainage and because setback requirements could not be met due to the narrow character of the property. Plaintiffs alleged that they had suffered damage in the amount of $11,323.90 and

sought treble damages under ORS 105.810 for a wilful severance of the trees. The complaint also alleged that the market value of the land was $2,000 before the severance of the trees and $500.00 after.

On a motion by defendant the trial court, proceeding on the assumption that the correct measure of damages was the difference between the value of the land before and after severance, struck from the complaint the figure $11,323.90 and substituted the figure $1,500. The court also changed the prayer for treble damages from $33,971.70 to $4,500.00.

■ At the trial, plaintiffs sought to introduce evidence to establish the value of the trees which were severed. Upon defendant's objection, the trial court refused to admit this proferred evidence, whereupon plaintiffs made an offer of proof purporting to establish the value of the trees prior to severance. Although plaintiffs' witness testified at some length in explaining that a value could be put upon trees apart from the value of the land, his testimony never culminated in an estimate of the value of the trees severed in the present case. Therefore, even if we were to accept plaintiffs' theory of damages, there is no evidence in the record to support it, even by way of an offer of proof. Since there was no evidence as to the value of the trees, it was not error for the court to refuse to give plaintiffs' requested instruction that the measure of damages was the value of the trees. It is not necessary for us to express an opinion as to whether this was a proper case in which to use the value of the trees as a measure of damages.[1]

---

[1] See McCormick on Damages § 126, pp. 491-499 (1935); Pedro v. January, 261 Or 582, 494 P2d 868 (1972); O & C R R Co. v. Jackson, 21 Or 360, 28 P 74 (1891).

■ ■ The jury was instructed that the measure of damages was the difference between the market value of plaintiffs' property before and after the trespass. We have held that this is a proper measure of damages in the case of unprivileged severance and removal of trees.[2] There was evidence which, if believed, would establish that the trees cut by defendant were so badly damaged by storm or disease that their removal could not have resulted in the diminution of plaintiffs' land. We can assume that the jury accepted this view of the case in awarding no damages to plaintiffs.

Judgment affirmed.

---

[2] United States v. Firchau, 234 Or 241, 380 P2d 800 (1963); Moss v. Peoples Calif. Co., 134 Or 227, 293 P 606 (1930).