Submitted on record and briefs October 18, 1985, affirmed January 29, 1986

# HOAGLIN,
*Respondent,*

*v.*

# DECKER et al,
*Defendants,*
*and*

# McMAHON et al,
*Appellants.*

(22-222; CA A34382)

713 P2d 674

William H. Stockton, Hillsboro, and Dennis E. Kaufman, Tillamook, filed the brief for appellants.

John D. Peterson, Hillsboro, filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is an action to recover damages for trespass to land. The jury returned a verdict for plaintiff but awarded no damages. Judgment was entered for plaintiff and, after a hearing on defendants' objections, the trial court allowed plaintiff his costs and disbursements. Defendants appeal, claiming that in the absence of an award of damages plaintiff did not prevail and it was error to award him judgment and his costs and disbursements. We affirm.

Plaintiff alleged in his complaint that defendants had placed sand, brush and debris on his land, reducing its value. He alleged in separate counts that defendants' intrusion was either an intentional trespass or a negligent trespass. Defendants' answer admitted that some sand had got on plaintiff's land but denied their liability for it or that plaintiff had suffered any damage.

Colloquy between court and counsel reveals that, at the close of the evidence, plaintiff did not request an instruction on nominal damages, and none was given. During deliberations, the jury asked whether it could return a verdict for plaintiff without awarding damages. Plaintiff then requested that the jury be instructed on nominal damages; the court denied the request. Instead, the court told the jury that it could return such a verdict. The jury returned a general verdict for plaintiff without awarding damages. The verdict was received without objection. Thereafter, the trial court, over defendants' objections, entered the challenged judgment and the statement of allowed costs and disbursements.

So far as the limited record before us indicates,[1] the case was submitted to the jury on alternative theories of intentional trespass and negligent trespass.[2] The jury found that defendants trespassed and returned the general verdict, albeit without damages, in favor of plaintiff. We do not know whether the jury found defendants' conduct to be intentional or negligent.

---

[1] The record does not include the jury instructions. It consists of the trial court file and a transcript of the hearing on defendants' objections to the judgment and plaintiff's statement of costs and disbursements.

[2] A trespass "may be caused by either intentional, negligent, reckless or ultrahazardous conduct." *Martin v. Union Pacific Railroad,* 256 Or 563, 565, 474 P2d 739 (1970) (footnote omitted).

■     ORCP 68B provides that "costs and disbursements shall be allowed to the prevailing party * * *." Whether plaintiff can be deemed the prevailing party depends on whether defendants' conduct was intentional or negligent. At common law every unauthorized entry on the land of another was a trespass, whether intentional or unintentional.[3] Prosser and Keeton, *Law of Torts* 75, § 13 (5th ed 1984). The traditional expression of the rule is that the law presumes damages from the unauthorized entry; that is another way of saying that a cause of action for trespass is complete without proof of actual damage. *See Rhodes v. Harwood,* 273 Or 903, 926, 544 P2d 147 (1975). Prosser and Keeton, *supra,* at 75, state the common law rule:

> "The plaintiff recovered nominal damages where no substantial damage was shown, or even where the trespass was a benefit to him. The action was directed at the vindication of the legal right, without which the defendant's conduct, if repeated, might in time ripen into prescription * * *." (Footnotes omitted.)

Case law with respect to an intentional trespass is consistent with that statement. For example, in *Sleep v. Morrill,* 199 Or 128, 131, 260 P2d 487 (1953), the court held:

> "[W]here the evidence shows the violation or infringement of a legal right, the law will presume damages sufficient to sustain an action, which damages may be only nominal * * *."

*See also Rhodes v. Harwood, supra.*

In the case of an unintentional trespass, the court in *Loe et ux v. Lenhard et al, supra* n 3, approved the view of the *Restatement of Torts* that liability will be imposed only when it arises out of negligence or the carrying on of extra hazardous activity. *See Restatement (Second) Torts,* § 165.[4] The court stated:

---

[3] The common law rule of "strict liability" has been altered in Oregon. Liability for an unintentional trespass will not be imposed unless it arises out of negligence or an extrahazardous activity. *Hudson v. Peavey Oil Company,* 279 Or 3, 6, 566 P2d 175 (1977); *Loe et ux v. Lenhard et al,* 227 Or 242, 248, 362 P2d 312 (1961).

[4] *Restatement (Second) Torts,* § 165, *comment c* states in part:

> "A purely harmless intrusion which is the result of negligence or even of reckless conduct on the part of the actor, or of one which results from an extra hazardous activity carried on by him, does not create liability for trespass."

"The rationale of the Restatement in limiting liability for unintended invasions of land to actual damages flowing from negligent or extrahazardous conduct commends itself to this court and it is consistent with our own cases on related problems." 227 Or at 248.

■■ In summary, in the case of an intentional trespass, proof of actual damage is unnecessary where the action may serve the purpose of vindicating the right to exclusive possession of property. *Rhodes v. Harwood, supra; Sleep v. Morrill, supra; but see Kulm v. Coast-to-Coast Stores,* 248 Or 436, 443, 432 P2d 1006 (1967), cited in *Allison v. Shepherd,* 285 Or 447, 455, 591 P2d 735 (1979). In the case of a negligent trespass, actual damage, as in all negligence actions, is an element of the cause of action. In *Hall v. Cornett et al,* 193 Or 634, 644, 240 P2d 231 (1952), a negligence action arising out of an accident, the court stated:

"There are many cases of tort in which nominal damages may be allowed, as, for example, in actions for * * * trespass to land * * *. But in this negligence case, nominal damages could not be awarded, because, as we have indicated, there is no right protected by the law against negligent action in a case of this kind unless there is actual damage."

■■ On the basis of the foregoing, without proof of actual damages, plaintiff can prevail only on his claim that defendants intentionally trespassed. However, the nature of defendants' conduct cannot be determined from the verdict. Defendants did not object to the court instructing the jury that it could return a verdict for plaintiff without awarding damages. Neither did defendants object to the form of the verdict. In the absence of those objections, the judgment and the statement allowing costs and disbursements are affirmed.

Affirmed.