Argued and submitted November 22, 1991, reversed and remanded with instructions March 25, reconsideration denied May 13, petition for review allowed June 23, 1992
(313 Or 354)

Merle REAM
and Kathleen Ream,
*Appellants,*

*v.*

Gary KEEN,
*Respondent.*

(881608; CA A66238)

828 P2d 1038

Charles O. Porter, Eugene, argued the cause for appellants. With him on the briefs was John White, Eugene.

James C. Tait, Oregon City, argued the cause for respondent. With him on the brief were Frederic D. Canning and Canning & Tait, Oregon City, and Robert G. Ringo, Corvallis.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Plaintiffs brought this action for damages that allegedly resulted from the drift of smoke to their residential property from field burning operations that defendant conducted on his adjacent property in 1987 and 1988. The damages allegedly consisted of $950 for soot removal from buildings on plaintiffs' property and $20,000 general damages for physical and emotional distress and interference with the use and enjoyment of the property. Plaintiffs stated alternative claims for intentional trespass and for "strict liability." The latter claim was based on the theory that field burning is an abnormally dangerous activity. The trial court allowed defendant's motion to strike that claim. It denied plaintiffs' motion for a directed verdict as to liability on the trespass claim and submitted that claim to the jury, which returned a general verdict for defendant. Plaintiffs appeal, and we reverse.

Because it is independently dispositive, we first address plaintiffs' assignment challenging the denial of their directed verdict motion on the trespass claim. We said in *Lunda v. Matthews*, 46 Or App 701, 705, 613 P2d 63 (1980), in discussing intentional trespass:

> "Intentional is used in this context to mean that the acts setting in motion the invasion were done with knowledge that a trespass would result and not that the acts were done for the specific purpose of causing a trespass or injury."

We added, in *Gymnastics USA v. McDougal*, 92 Or App 453, 457 n 4, 758 P2d 881, *rev den* 307 Or 77 (1988):

> "Intentional trespass results in liability without proof of further fault, if damage occurs. Liability does not depend on whether the act resulting in the trespass was reasonable."

Plaintiffs argue, and neither defendant nor the trial court disagrees, that defendant admitted in his testimony that he knew that smoke from the field burning would go onto plaintiffs' property. That fact was conclusively proved. The apparent basis for the trial court's denial of a directed verdict was that, nevertheless, there was a "weighing process," involving the nature of plaintiffs' protected interests and the magnitude of the harm, that remained to be performed by the jury. The court was incorrect in concluding that that function

was for the jury; it was a matter of law to be decided by the court. *Davis v. Georgia-Pacific,* 251 Or 239, 244, 445 P2d 481 (1968).

Defendant argues that, in *Martin et ux v. Reynolds Metals Co.,* 221 Or 86, 342 P2d 790 (1959), *cert den* 362 US 918 (1960), "the court stated that in some cases trespass might not lie because the actionable invasion was so trifling that the law would not consider it," and "[s]ome intrusion may be allowable even though substantial if the court refuses to recognize the plaintiff has a legally protected interest in the particular possessory use as against the particular conduct of the defendant." Although defendant's characterization of those considerations in *Martin* is accurate, he does not show how they might benefit him.

The court said in *Martin:*

"In every case in which trespass is alleged the court is presented with a problem of deciding whether the defendant's intrusion has violated a legally protected interest of the plaintiff. *In most cases the defendant's conduct so clearly invades the well established possessory interest of the plaintiff that no discussion of the point is called for.*" 221 Or at 95. (Emphasis supplied.)

Defendant advances no reason, and we discern none, why this case is not among the ordinary ones that call for no discussion of the point. Plaintiffs' buildings were affected by the smoke, and there was a heavy pall of smoke over their property for short periods, followed by a residual smoke odor for several days after each of the burning incidents. We conclude that defendant's conduct resulted in an invasion of plaintiffs' legally protected possessory interest, as a matter of law.

We also reject defendant's argument that the intrusion was so "trifling" that it was not cognizable as a trespass. In *Martin,* the court noted that the maxim *de minimis non curat lex* can apply in trespass cases and gave as an example that "the casting of a grain of sand upon another's land would not be a trespass" nor would other intrusions that do "no actual damage or [cause] no interference in any way with a legitimate use of the premises." 221 Or at 97-98. This is not such a case. Defendant attempts to avoid that conclusion by using minimalistic descriptions of what occurred, *e.g.,* "the passage of smoke over a portion of plaintiff's land for a brief

period of time." Those descriptions might be appropriate in a jury argument regarding the amount of damages. However, as we understand the *Martin* test, there is no connection between the factual question of the amount of damages and the legal *"de minimis"* determination that the court must make in deciding whether the law of trespass applies. Indeed, actual damage is not necessary for a defendant to be liable for intentional trespass. 221 Or at 97; *but see* 221 Or at 98. The question that the court must consider is whether the intrusion is so minimal that, as a matter of law, no legal consequences *can* attach. We hold that the answer here is no.

Defendant relies on cases from other jurisdictions that do not assist him, *inter alia*, because of differences between the jurisdictions' law and Oregon's. He also relies on *Amphitheaters, Inc. v. Portland Meadows*, 184 Or 336, 198 P2d 847 (1948), for the proposition that intrusion by smoke necessarily falls under the law of nuisance rather than trespass. Assuming that that case was ever authority for that proposition, the later decisions in *Davis v. Georgia-Pacific*, *supra*, and *Martin et ux v. Reynolds Metal Co.*, *supra*, say that it can constitute an intentional trespass.

■ Defendant offered evidence and argument at trial, over plaintiffs' objection, that he had a permit from the Department of Environmental Quality for the field burning activity and that the activity was conducted consistently with the department's regulations. However, neither the permit nor the reasonableness of defendant's actions can relieve him from liability for intentional trespass. ORS 476.380(3)(c); *Gymnastics USA v. McDougal*, *supra*, 92 Or App at 457 n 4.

We conclude that an intentional trespass was established as a matter of law and that the court erred by denying a directed verdict on the issue of liability. We therefore remand for a determination of whether plaintiffs sustained any damages and, if so, in what amount.

■ Plaintiffs also assign error to the striking of their abnormally dangerous activity claim.[1] However, the damages that they seek under that claim and under their intentional

---

[1] We note that the abnormally dangerous activity issue in this case *may* not be precisely the same as the one in *Koos v. Roth*, 293 Or 670, 652 P2d 1255 (1982), where the fire itself burned onto and damaged the plaintiffs' property.

trespass claim are identical and alternative. Because liability on the latter claim is established, it is unnecessary to discuss the assignment of error concerning the alternative claim. Similarly, we need not discuss plaintiffs' second assignment, in which they argue that the court erred by admitting defendant's evidence that was offered to prove defenses that plaintiffs contend were not relevant to liability. That assignment is moot in the light of our holding that defendant is liable as a matter of law.[2]

Reversed and remanded with instructions to determine damages and to enter judgment for plaintiffs.

---

[2] Before returning its verdict, the jury asked the court which verdict form to use if it found a trespass but no damages. Defendant appears to view that fact as giving rise to something akin to harmless error. We agree with plaintiffs that neither the question nor the general verdict for defendant that the jury returned allows us to infer that the jury in fact *found* what its question hypothesized.