Argued and submitted September 1, decision of Court of Appeals affirmed, judgment of circuit court reversed and case remanded to circuit court for new trial October 8, 1992

Merle REAM
and Kathleen Ream,
*Respondents on Review,*

*v.*

Gary KEEN,
*Petitioner on Review.*

(CC 88-1608; CA A66238; SC S39195)

838 P2d 1073

Robert G. Ringo, of Ringo & Stuber, P.C., Corvallis, argued the cause for petitioner on review. With him on the petition was Patrick L. Hadlock.

Charles O. Porter, Eugene, argued the cause for respondents on review. With him on the response was John White, Eugene.

Donald A. Haagensen and Kimball H. Ferris, of Cable, Huston, Benedict, Haagensen & Ferris, Portland, filed a brief

on behalf of *amici curiae* Oregon Seed Council, Oregon Seed Trade Association, and Oregon Rye Grass Growers Association.

Joseph` H. Hobson, Jr., of Lien, Hobson & Johnson, Keizer, filed a brief on behalf of *amicus curiae* Oregon Farm Bureau Federation.

PETERSON, J.

## PETERSON, J.

This is a trespass action involving adjoining landowners. Plaintiffs seek personal injury and property damages "due to the intrusion of smoke and its lingering odor" caused by defendant's burning of field grass stubble on his adjacent field. The jury returned a verdict for defendant. The Court of Appeals reversed and remanded with instructions. *Ream v. Keen*, 112 Or App 197, 828 P2d 1038 (1992). We affirm the decision of the Court of Appeals.

Plaintiffs' complaint contains a count in trespass and a count in strict liability. Only the trespass count is at issue here.[1]

Insofar as the appeal is concerned, the evidence is without material dispute. Defendant is a farmer who raises grass seed. He obtained a permit from the Oregon Department of Environmental Quality to burn his field, pursuant to ORS 468A.580. Thereafter, he burned his field. Defendant's answer admits that smoke from his burning field "did drift upon the premises of the plaintiffs," and defendant's testimony at trial confirms that he knew that smoke would drift onto adjoining property.

After all parties rested, plaintiffs moved for a directed verdict, as follows:

> "Then I want to renew my motion about having a directed verdict on liability in connection with trespass on the grounds that I have previously mentioned to the Court * * *."

The trial court denied the motion.

The dispositive issue is whether the court erred in denying plaintiffs' motion for "a directed verdict on liability." Two decisions of this court suggest that the trial court erred. *Davis v. Georgia-Pacific*, 251 Or 239, 445 P2d 481 (1968), was a trespass action, brought by a resident of Toledo against the defendant, which operated a pulp and paper plant in close proximity to the plaintiff's residence. The plaintiff alleged that vibrations, odors, fumes, gases, smoke, and particulates

---

[1] The Court of Appeals did not reach the issue concerning the strict liability count, because it believed that its decision on the trespass count was "independently dispositive" of the case. 112 Or App at 199. As well, we do not reach that issue.

damaged her residence and plants. The plaintiff was awarded compensatory and punitive damages in the trial court.

Citing *Martin v. Reynolds Metal Co.*, 221 Or 86, 342 P2d 790, *cert den* 362 US 918 (1960), the *Davis* court affirmed the award of compensatory damages, holding that "the deposit of airborne particulates upon another's land constitute[s] a trespass even though the particulates [are] so small as to be invisible in the atmosphere." 251 Or at 243. The opinion also quoted this paragraph from *Martin*:

> " 'If, then, we must look to the character of the instrumentality which is used in making an intrusion upon another's land we prefer to emphasize the object's energy or force rather than its size. Viewed in this way we may define trespass as any intrusion which invades the possessor's protected interest in exclusive possession, whether that intrusion is by visible or invisible pieces of matter or by energy which can be measured only by the mathematical language of the physicist.' " *Davis v. Georgia-Pacific, supra,* 451 Or at 243 (quoting *Martin v. Reynolds Metals Co., supra,* 221 Or at 94).

*Davis* remains the law of Oregon and applies to the issues in this case. Because smoke from defendant's fire intruded on plaintiffs' property, plaintiffs' motion for a directed verdict on liability should have been granted.[2]

---

[2] ORCP 60 provides for a motion for a directed verdict. The rule contains no specific provision for a "directed verdict on the issue of liability." Normally, when a defendant moves for a directed verdict for failure to establish a claim, the motion, in effect, asks for a dismissal of the entire case because the evidence, viewed in the light most favorable to the plaintiff, is insufficient to support a recovery.

We are aware that a motion for a directed verdict is often used to address other issues. Sometimes a defendant will use a motion for a directed verdict as the equivalent of a motion to withdraw a certain claim for lack of evidence to support it, as, for example, "I move for a directed verdict on the punitive damages claim because the evidence is legally insufficient to support an award of punitive damages." Or, "I move for a directed verdict on Count Number 1 because the evidence is insufficient." Strictly speaking, a preferable motion would be to "withdraw from the consideration of the jury the plaintiff's claim on the ground that the evidence is, as a matter of law, insufficient to establish that claim."

Similarly, plaintiffs sometimes use a motion for directed verdict as the equivalent of a request for an instructed verdict, such as, "I move for a directed verdict on the issue of liability, because the defendant is negligent as a matter of law." Such a motion is the functional equivalent of this motion: "I move that the jury be instructed that the defendant is, as a matter of law, negligent, and that the only issues the jury is to consider are whether the plaintiff sustained injury as a result of

Defendant's position, both at trial and before the Court of Appeals, was:

1. Trespass does not lie, because "the actionable invasion [is] so trifling that the law would not consider it";

2. "[T]here are enough parallels between nuisance law and trespass law in this case that the court should consider several elements of nuisance law [in] reaching a decision here." Defendant asserts that a "weighing process," such as is used in nuisance cases, be applied when considering whether there has been a trespass.

■  As to the first assertion, we do not disavow the statements in *Martin v. Reynolds Metals Co., supra,* 221 Or at 95, that an intrusion may be so trifling that the law should not recognize it. This is not such a case, however. The intrusion of smoke in the case at bar is not so trifling as to merit no recognition whatever.

Defendant's second assertion was considered and rejected in *Martin v. Reynolds Metals. Co., supra,* 221 Or at 90-94. If a trespass is established — and a trespass has been established in this case — and the plaintiff seeks damages on a trespass theory, it is inappropriate to engage in any "weighing process," such as weighing the hardship to the defendant against the injury sustained by the plaintiff.[3]

In this court, for the first time, both defendant and *amici* have asserted other bases for affirmance of the trial court. They contend that, because field burning is a regulated activity, *see* ORS 468A.550 to 468A.620, the common law trespass doctrine should not apply;[4] that the "right to farm"

---

the defendant's negligence and, if so, the amount of the plaintiff's damages."

The motion for a directed verdict in the case at bar is the functional equivalent of a motion that the jury be instructed that defendant has trespassed on plaintiffs' land, and that the sole issues remaining for the jury to decide are whether plaintiffs were damaged as a result of the trespass and, if so, the amount of the damages.

[3] Respecting nuisance cases involving injunctive relief, this court has stated:

" 'The relative hardship likely to result to the defendant if the injunction is granted and to the plaintiff if it is denied, is one of the factors to be considered in determining the appropriateness of an injunction against tort.' " *York v. Stallings,* 217 Or 13, 23, 341 P2d 529 (1959) (quoting Restatement of Torts § 941).

[4] We note that OAR 340-26-010(11) provides:

statutes, ORS 30.930 to 30.947, bar application of common law trespass rules; and that the zoning laws pertaining to exclusive farm uses, *see* ORS chapter 215, preclude the application of trespass common law remedies. Those arguments were not made in the trial court or in the Court of Appeals, and we do not consider them further here. The trial court erred in denying plaintiffs' motion for "a directed verdict on liability."

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for a new trial on the issue of the amount of damages, if any, sustained by plaintiffs as a result of defendant's trespass, and to enter judgment accordingly.[5]

---

"Open field burning in compliance with the rules of this Division does not exempt any person from any civil or criminal liability for consequences or damages resulting from such burning, nor does it exempt any person from complying with any other applicable law, ordinance, regulation, rule, permit, order or decree of the [Environmental Quality] Commission or any other government entity having jurisdiction."

We express no opinion as to the authority of the Department of Environmental Quality to promulgate a regulation that purports to govern civil liability.

[5] No party has raised the issue as to what verdict the jury should return if it finds no actual damages. In this connection, *see Martin v. Reynolds Metals Co.*, 221 Or 86, 99-100, 342 P2d 790 (1960) (stating that the plaintiff "might recover nominal damages even though he sustained no actual pecuniary loss as a result of the trespass"); *Hampton v. Portland Gen. Elec.*, 268 Or 121, 124, 519 P2d 89 (1974) (upholding verdict for the defendant in trespass case because the jury could find "that the trees cut by defendant were so badly damaged by storm or disease that their removal could not have resulted in the diminution [the value of] of plaintiffs' land"); and *Abraham v. Owens*, 20 Or 511, 516, 26 P 1112 (1891) (trespass caused nominal damages at least).