Joseph A. **CEREGHINO;** Mario Cereghino; Joseph Cereghino, as Personal Representative of The Estate of Angelo Cereghino, Plaintiffs,

v.

The **BOEING COMPANY,** a Delaware corporation; International Controls Corporation, a Florida corporation; Datron Systems, Inc., a New Jersey corporation; Elecspec Corporation, aka Elecspec International, Inc., aka Electronic Specialty Corporation, a Washington corporation, Defendants.

Civ. No. 92–247–HA.

United States District Court, D. Oregon.

Sept. 30, 1994.

Thomas H. Tongue, John C. DeVoe, Dunn, Carney, Allen, Higgins & Tongue, Portland, OR, for plaintiffs.

Paul T. Fortino, David A. Bledsoe, Perkins Coie, Portland, OR, Mark W. Schneider, Perkins Coie, Seattle, WA, for defendant Boeing Co.

## OPINION

HAGGERTY, District Judge:

Plaintiffs Joseph Cereghino, on his own behalf and as personal representative of the estate of Angelo Cereghino, and Mario Cereghino (collectively "Cereghinos") brought this action, based on the contamination of their groundwater with certain chemicals, against the Boeing Company ("Boeing") and three other corporate defendants.[1] The matter now before the court is Boeing's motion for summary judgment. For the reasons provided below, the motion is granted.

### FACTUAL and PROCEDURAL BACKGROUND

A detailed factual history of this action has previously been provided by this court in *Cereghino v. Boeing Co.,* 826 F.Supp. 1243 (D.Or.1993). Accordingly, only those facts pertinent to the motion presently before the court need be recited.

The Cereghinos own farmland in Multnomah County, Oregon, adjacent to an industrial site which Boeing began leasing in 1974. At that time, Boeing operated a heavy manufacturing facility on the site. In 1979, Boeing purchased the site, and thereafter, in 1985, it began operating an electronics manufacturing facility on the site. Boeing continues to operate both the heavy manufacturing and the electronics facilities.

In early 1986, Boeing discovered that groundwater on the industrial site contained hazardous industrial solvents. Boeing reported this finding to the United States Environmental Protection Agency, and to the Oregon Department of Environmental Quality. In July 1986, Boeing entered into a Consent Order and Compliance Agreement with those agencies. Boeing has been investigating the contamination and taking remedial action since that time.

In August 1986, the Cereghinos were notified that groundwater on their land was contaminated with trichloroethylene ("TCE"). They later learned that TCE and trichloroethane ("TCA") had migrated into their groundwater from neighboring property. Plaintiffs allege that TCE and TCA migrated into their groundwater from the industrial site owned and operated by Boeing.

TCE and TCA are industrial solvents used as degreasers and in preparation for painting. These chemicals are listed as hazardous wastes under the Federal Resource, Conservation and Recovery Act. 40 C.F.R. § 261.31.

In 1987, at the request of Boeing, the Cereghinos discontinued their use of groundwater wells located on their property. Coincident with this request, Boeing began supplying the Cereghinos with water for drinking, irrigation, and other farm uses. At oral argument on June 27, 1994, the parties indicated that the Cereghinos have not resumed operation of their wells, and that Boeing has

---

1. These defendants are International Controls Corporation ("ICC"), Datron Systems, Inc. ("Datron"), and Elecspec Corporation ("Elecspec").

continued to provide the Cereghinos with an alternate water supply.

Boeing ceased its use of TCE in 1980, and at that time, began using TCA as a substitute. At the present time, the levels of TCE detected in plaintiffs' groundwater exceed federal drinking water standards, however, TCA levels do not exceed those standards.

Plaintiffs filed this action in January 1992. Their amended complaint, filed in January 1993, asserted claims of intentional and negligent trespass, intentional and negligent nuisance, and "strict liability/ultrahazardous activity" against each named defendant. These claims were made as to both TCE and TCA. Plaintiffs also sought punitive damages from each defendant.

Boeing subsequently moved for partial summary judgment.[2] This court granted that motion, and as a result, all of the claims against Boeing except for the claims of negligent trespass and nuisance regarding TCA were dismissed.[3] *Id.*

Boeing now moves for summary judgment on plaintiffs' remaining claims. Specifically, Boeing seeks summary judgment on the claims of (1) negligent trespass based on TCA contamination of plaintiffs' groundwater; and (2) negligent nuisance based on TCA contamination of plaintiffs' groundwater.

### STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of a fact is determined by the

2. Defendants ICC and Datron also moved for summary judgment. This court granted these motions, and as a result, both defendants were dismissed from this action. *Cereghino,* 826 F.Supp. at 1249–50.

3. In considering plaintiffs' claims involving intentional trespass, intentional nuisance, and punitive damages against Boeing, this court concluded that plaintiffs did not establish that Boeing intended to harm plaintiffs' land, or knew that such harm would occur from disposing of TCE or TCA. *Cereghino,* 826 F.Supp. at 1247.

substantive law on the issue. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Asso.,* 809 F.2d 626, 630 (9th Cir.1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *T.W. Electrical,* 809 F.2d at 630.

### DISCUSSION

■ In trespass and nuisance actions, liability is based on interference with the possession of land. *Martin v. Reynolds Metals Co.,* 221 Or. 86, 90, 342 P.2d 790 (1959), *cert. denied,* 362 U.S. 918, 80 S.Ct. 672, 4 L.Ed.2d 739 (1960). A trespass is an actionable invasion of a possessor's interest in the exclusive possession of land. *Id.* A nuisance is an actionable invasion of a possessor's interest in the use and enjoyment of land. *Id.*

As to the ultrahazardous activity claim against Boeing, this court concluded that plaintiffs could not establish that use of either TCE or TCA constituted an ultrahazardous activity. *Id.* at 1249. Finally, this court concluded that the claims involving negligent trespass and nuisance against Boeing as to TCE contamination were barred by Oregon's statute of ultimate repose, O.R.S. § 12.115, because more than ten years had elapsed between the use of TCE on Boeing's property and the filing of the action. *Id.* at 1247.

■ Under Oregon law, actual damage is not necessary to establish liability for an intentional trespass or nuisance. *Ream v. Keen*, 112 Or.App. 197, 201, 828 P.2d 1038 (citing *Martin*, 221 Or. at 97, 342 P.2d 790), *aff'd*, 314 Or. 370, 838 P.2d 1073 (1992). However, in the case of a *negligent* trespass or nuisance, actual damage is an essential element of the claim. *Hoaglin v. Decker*, 77 Or.App. 472, 476, 713 P.2d 674 (1986); *see also Loe et ux v. Lenhard et al*, 227 Or. 242, 248, 362 P.2d 312 (1961) (adopting the rationale of the Restatement (Second) of Torts "in limiting liability for unintended invasions of land to actual damages flowing from negligent or extra hazardous conduct"). As noted above, this court has dismissed the claims of intentional trespass and nuisance against Boeing. *Cereghino*, 826 F.Supp. at 1247. Accordingly, unless plaintiffs can show that they have suffered actual damage as a result of TCA contamination, their claims of negligent trespass and nuisance against Boeing must fail.

## A. *Effect of Plaintiffs' Response to Boeing's Request for Admission*

■ Pursuant to Federal Rule of Civil Procedure 36, Boeing submitted a request for admission to plaintiffs. The following is part of the written colloquy which ensued:

4. Under Oregon law, the environmental harm sustained by plaintiffs is quantifiable in terms of either the cost of restoring their property to its pre-contamination condition or, if restoration is not feasible, any diminution in the value of their property as a result of the contamination. *See Millers Mutual Fire Insurance Co. of Texas v. Wildish Construction Co.*, 306 Or. 102, 117, 758 P.2d 836 (1988). Plaintiffs have admitted that under either of these measures they have not incurred damages from TCA contamination. Boeing's request for admission, and plaintiffs' response thereto provide, in part:

REQUEST FOR ADMISSION NO. 1: Please admit that, as to each parcel of land of each of the Plaintiffs, there is no difference between (a) the value of the parcel as it is contaminated by TCE and (b) the value of the parcel as it is contaminated by TCE and also allegedly contaminated by [TCA].

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 2: Please admit that, as to each parcel of land of each of the Plaintiffs, there is no difference between: (a) the cost of repairing or restoring the property

REQUEST FOR ADMISSION NO. 3: Please admit that, as to each parcel of land of each of the Plaintiffs, given the contamination of the parcel with TCE, there have been no additional damages to Plaintiffs as a result of the alleged contamination of the land by TCA.

RESPONSE: Admitted.

This formal admission has the consequence of conclusively establishing whether TCA contamination contributed to plaintiffs' environmental harm.[4] Fed.R.Civ.P. 36(b); *Marine Fuel Supply & Towing, Inc. v. The M/V Ken Lucky*, 869 F.2d 473, 476 (9th Cir.1988). Rule 36(b) provides that "[a]ny matter admitted under this rule is *conclusively* established unless the court *on motion* permits withdrawal or amendment of the admission." Fed.R.Civ.P. 36(b) (emphasis added). The record is clear that plaintiffs never moved to recant or, in any way, amend their admissions.[5] This court concludes that plaintiffs' admissions concerning the cause of their damage cannot be read to attribute any part of that damage to TCA contamination.

This court is mindful that in cases of contamination by multiple hazardous substances, determination of the amount of harm attributable to each substance is often impracticable. *See e.g. O'Neil v. Picillo*, 883 F.2d 176, 179 (1st Cir.1989), *cert. denied*, 493 U.S. 1071, 110 S.Ct. 1115, 107 L.Ed.2d 1022 (1990)

from any harm allegedly caused by TCE and (b) the cost of repairing and restoring the property from any harm allegedly caused by TCE together with TCA.

RESPONSE: Admitted.

5. It is unclear whether a formal motion to withdraw or amend an admission is mandatory under Rule 36(b). The language of the rule implies that such a motion is a prerequisite to obtaining relief. This interpretation is buttressed by the Ninth Circuit's admonition that "trial courts are [] to be cautious in exercising their discretion to permit withdrawal or amendment of an admission," *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir.1985), as well as the narrow grounds for granting such relief. Specifically, "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed.R.Civ.P. 36(b).

("[C]ourts regularly find that where wastes of varying (and unknown) degrees of toxicity and migratory potential commingle, it is simply impossible to determine the amount of environmental harm caused by each...."); *The Penn Central Corp. v. United States,* 862 F.Supp. 437, 466 (Sp.Ct.R.R.R.A.1994) ("The problem with the divisibility inquiry is that simple solutions ... [are] inapplicable to a harm like the long-term effects of the seepage of chemicals. Often, the harm simply is incapable of divisibility because of the migratory or toxicity potential of the released chemicals."). Typically, courts must consider detailed evidence of relative toxicity, migratory potential, extent of actual migration, and synergistic capacities of the commingled substances, before attempting (sometimes in vain) to apportion damages with any degree of certainty.[6] *United States v. Monsanto Co.,* 858 F.2d 160, 172 n. 26. (4th Cir.1988), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989); *United States v. Alcan Aluminum Corp.,* 964 F.2d 252, 269 (3rd Cir.1992); *United States v. Broderick Investment Co.,* 862 F.Supp. 272, 276–77 (D.Colo.1994). In the instant case, however, plaintiffs have admitted, and therefore it is conclusively established, that pre-existing TCE contamination was not exacerbated by any subsequent migration of TCA into their groundwater.

Furthermore, the record before this court contains no evidence controverting plaintiffs' admission that they have not been damaged as a result of TCA contamination.[7] Plaintiffs concede that the amount of TCA in their groundwater is below the statutorily prescribed maximum contaminant level. Moreover, an alternate argument advanced by plaintiffs, that they are damaged by the TCA contamination *at the Boeing site* because it

has precluded plaintiffs from operating their wells, is also not factually supported by the record. At oral argument, plaintiffs admitted that Boeing has continuously supplied them with an adequate supply of water since their wells became inoperable.

Although lacking direct evidence, plaintiffs nevertheless argue that their admissions have been mischaracterized, and that they have suffered actual damage from TCA contamination because it substantially contributes to an indivisible environmental harm. This argument is premised upon a common law principle which provides that whenever concurrent causes have combined to bring about an indivisible injury, and each cause is a substantial factor in producing that injury, each of the causes may be held jointly and severally liable for the entire injury. Restatement (Second) of Torts §§ 433A(2) and 875; *see also Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 260, 99 S.Ct. 2753, 2756, 61 L.Ed.2d 521 (1979); *In re Bell Petroleum Services, Inc.,* 3 F.3d 889, 901 (5th Cir.1993); *United States v. Chem–Dyne Corp.,* 572 F.Supp. 802, 810 (S.D.Ohio 1983). Plaintiffs' argument is conclusory at best.

■ It is undisputed that quantities of TCA and TCE have commingled in the water beneath plaintiffs' property. This fact alone, however, does not render TCA a "substantial factor" in causing an "indivisible injury." *See Alcan Aluminum,* 964 F.2d at 270 n. 29 (3rd Cir.1992) (" 'commingled' waste is not synonymous with 'indivisible' harm"). Also, the mere fact that the common law principle relied on by plaintiffs has been held applicable to environmental injury in the form of chemical contamination is not dispositive. *Id.* at 268–70. Rather, without exception,

---

**6.** The Fourth Circuit has commented that, "[c]ommon sense counsels that a million gallons of certain substances could be mixed together without significant consequences, whereas a few pints of others improperly mixed could result in disastrous consequences." *Monsanto,* 858 F.2d at 172.

**7.** In light of the fact that plaintiffs failed to formally move for withdrawal or amendment of their admissions, this court is arguably precluded from vitiating the binding effect of those admissions. *See supra* n. 5. At least one court, in

granting a motion for summary judgment based upon a matter deemed admitted, has refused to consider evidence submitted in opposition to summary judgment, despite the fact that such evidence directly disputed the matter deemed admitted. *Pickens v. United States,* 1993 WL 204152, 3 (S.D.Miss. February 22, 1993). However, because this approach deprives a litigant of his substantial interest in a full trial on the merits, including the presentation of all relevant evidence, this court declines to follow it in the absence of clear Ninth Circuit precedent.

courts adhere to the principle that if some logical, reasonable, or practical basis of apportionment exists, a polluter should properly be held responsible for only that percentage of environmental harm attributable to his specific release. *In re Bell Petroleum*, 3 F.3d at 901 (summarizing the different approaches to the issue of apportioning liability).

Even assuming that TCA migrated from Boeing's industrial site into plaintiffs' groundwater,[8] Boeing may still escape liability altogether by proving that the TCA, when mixed with TCE, did not contribute to any harm sustained by plaintiffs. *See Alcan Aluminum*, 964 F.2d at 270; *United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 722 (2d Cir.1993).[9] Boeing has made this requisite showing via plaintiffs' conclusive admissions.

A final allegation warrants discussion. Plaintiffs contend that a finding by this court that they have sustained no damage on account of TCA contamination is akin to this court granting Boeing a "pollution easement." This is so, according to plaintiffs, because to reach such a conclusion the court must have accepted a flawed premise: that is, "that once Boeing contaminated and damaged the plaintiffs' property with TCE, Boeing was and is free to continue to contaminate plaintiffs' property with similar substances and hazardous constituents so long as those substances and hazardous constituents cause only a similar type of damage." Plaintiffs are mistaken in their belief that this court's finding regarding TCA damage presupposes reliance on the noted premise. Instead, this court's finding was premised solely on plaintiffs' own uncontroverted admission that TCA contamination caused them no actual damage. Contrary to plaintiffs' belief, Boeing has not been granted a license to pollute.

This court recognizes that plaintiffs are the unfortunate victims of chemical contamination. However, because plaintiffs have admitted that TCE, not TCA, is responsible for their harm, the cause of their contamination is not presently before this court. All of plaintiffs' claims relating to TCE contamination have been previously dismissed. *Cereghino*, 826 F.Supp. at 1247–49.

B. *No Genuine Issue of Fact Concerning Damages from TCA Contamination*

■ As a preliminary matter, a request for admission under Rule 36, and a resultant admission, are not improper merely because they, as here, relate to an "ultimate fact," or prove dispositive of the entire case. *City of Rome v. United States*, 450 F.Supp. 378, 383 (D.D.C.1978), *aff'd*, 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1980); *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir.1979); *see also Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1247–48 (9th Cir.1981) (noting this rule in holding that a party does not have an absolute right to have an admission withdrawn when that admission is tantamount to an admission of liability). It follows that Rule 36 admissions, even those accruing upon a party's default in responding, may be sufficient independent grounds for summary judgment. *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651 (2d Cir.1983) (citations omitted); *Pickens*, 1993 WL 204152, at 3; *In re Mack*, 330 F.Supp. 737, 738 (S.D.Tex. 1970); *see also* Fed.R.Civ.P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and *admissions on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (emphasis added).[10]

---

**8.** Boeing disputes that the TCA discovered in plaintiffs' groundwater migrated from its industrial site. Boeing alleges that there are several potential sources of the TCA, including plaintiffs themselves.

**9.** Because these cases were brought under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.*, causation was assumed and there existed no

initial burden of showing the polluter was a "substantial factor" in producing the harm. *See O'Neil*, 883 F.2d at 179 n. 4; *see also In re Bell Petroleum*, 3 F.3d at 901.

**10.** The Ninth Circuit, in vacating and dismissing an action for lack of jurisdiction, noted, without discussion, that the district court had focused on a Rule 36 admission as the factual predicate for granting summary judgment. *People of the Vil-*

Because actual damage is an essential element to a claim of either negligent trespass or nuisance, it is also a material fact. *T.W. Electrical*, 809 F.2d at 630. Accordingly, if there is no genuine issue concerning whether plaintiffs suffered damage as a result of TCA contamination, then summary judgment is appropriate. Fed.R.Civ.P. 56(c). Plaintiffs, rather than identifying specific facts controverting their otherwise conclusive admissions, rest upon mere conclusory allegations, and thus do not create a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Boeing is therefore entitled to summary judgment.

## CONCLUSION

For the reasons provided above, defendant Boeing's motion (doc. # 131) for summary judgment is granted.

*lage of Gambell v. Babbitt*, 999 F.2d 403, 405 (9th  Cir.1993).