On respondent - cross-appellant's motions for reconsideration and for an extension of time to file petition for attorney fees and costs filed September 30, and appellants - cross-respondents' response to petition for reconsideration and cross-petition for reconsideration filed November 4, 2005, reconsideration allowed; former opinion (201 Or App 568, 120 P3d 16) modified and adhered to as modified; former disposition withdrawn; reversed and remanded on appeal and on cross-appeal; award of attorney fees to Fong reversed January 18, 2006

KEN HOOD CONSTRUCTION CO.,
an Oregon corporation,
*Plaintiff,*

*v.*

PACIFIC COAST CONSTRUCTION, INC.,
an Oregon corporation;
Fong Holdings, LLC,
an Oregon limited liability company;
Peter Fong,
an individual;
and Real Estate Exchange, Inc.,
an Oregon corporation,
*Defendants.*

PACIFIC COAST CONSTRUCTION, INC.,
an Oregon corporation,
*Respondent - Cross-Appellant,*

*v.*

FONG HOLDINGS, LLC,
an Oregon limited liability company;
and Peter Fong,
an individual,
*Appellants - Cross-Respondents.*

C010645CV; A119153

126 P3d 1254

Elizabeth Yeats for motions.

Lindsey H. Hughes for response and cross-petition for reconsideration.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

ORTEGA, J.

**ORTEGA, J.**

Pacific Coast Construction, Inc., and Fong Holdings, LLC, and Peter Fong (collectively, "Fong") petition for reconsideration of our decision in *Ken Hood Construction v. Pacific Coast Construction*, 201 Or App 568, 120 P3d 6 (2005). For the reasons explained below, we allow both petitions for reconsideration, modify our former opinion, withdraw our former disposition, and adhere to the opinion as modified.

In our original opinion, we concluded—contrary to the trial court's conclusion—that the parties had formed a contract for Pacific Coast to build a restaurant on land owned by Fong in Washington County. 201 Or App at 580. Accordingly, we reversed on Pacific Coast's cross-appeal, in which it argued that the trial court had erred in ruling that it did not have a contract with Fong. *Id.* at 586. Although the trial court had rejected Pacific Coast's contract claim, it agreed with Pacific Coast that Pacific Coast was entitled, under a *quantum meruit* theory, to the same damages that it had asserted were recoverable under the contract. *Id.* at 571. Because we concluded that Fong and Pacific Coast had entered into a contract for the construction of the restaurant, we did not "address Fong's first assignment of error, in which he challenged the trial court's judgment in favor of Pacific Coast on its *quantum meruit* claim." *Id.* at 580 n 7.

■    In its petition for reconsideration, Pacific Coast notes that our disposition did not include a remand to the trial court on the contract claim. "A remand is necessary," Pacific Coast asserts, "to permit the trial court to make a determination that the contract was breached, and for damages." For his part, Fong asserts that, in light of our disposition of the contract claim, we were required to address his assignment of error challenging the *quantum meruit* award.

■    We agree with Pacific Coast that remand is necessary for the trial court to determine *whether* Fong breached the contract and, if so, what damages Pacific Coast suffered. We also agree with Fong that we must address his challenge to the trial court's award in *quantum meruit*. For the reasons set out below, we reverse on that assignment of error.

■    As we explained in our original opinion, Pacific Coast sought the same amount of damages under two alternative theories: contract and quasi-contract, or *quantum meruit. Id.* Pacific Coast's theory was that it had a contract with Fong and that Fong had breached that contract. But it also alleged, in the alternative, that, if there were no contract, it would be entitled to the same damages as a measure of the value of its services under a *quantum meruit* theory. *See Mount Hood Community College v. Federal Ins. Co.*, 199 Or App 146, 158, 111 P3d 752 (2005) ("[T]he use of a *quantum meruit* claim as an alternative to a breach of contract claim is so common that it is not only unremarkable but something that is expected. As is also common, plaintiff based both its breach of contract claim and its *quantum meruit* claim on the same operative facts."). When pleaded in the alternative, however, the two theories are mutually exclusive: "It is well established that there cannot be a valid, legally enforceable contract and an implied contract covering the same conduct." *Id.* (citing *Prestige Homes Real Estate Co. v. Hanson*, 151 Or App 756, 762, 951 P2d 193 (1997)). That is, if the parties have a valid contract, any remedies for breach flow from that contract, and a party cannot recover in *quantum meruit* for matters covered by the contract. *See L. H. Morris Electric v. Hyundai Semiconductor*, 203 Or App 54, 125 P3d 1 (2005) ("When *quantum meruit* and contract claims are pleaded in the alternative, the *quantum meruit* claim becomes relevant only if the contract does not address the services for which recovery in *quantum meruit* is sought.").

The trial court, having concluded that there was no contract, proceeded to the second step of the sequential analysis and addressed whether Pacific Coast was entitled to damages under a *quantum meruit* theory; it ultimately awarded those damages. In light of our conclusion that the parties had a contract, that was error. Accordingly, we reverse the award of damages under the *quantum meruit* claim and remand for the trial court to consider Pacific Coast's contract claim.

■    In our original opinion, we also concluded—again, contrary to the trial court's conclusion—that Pacific Coast had timely filed its construction lien. *Ken Hood Construction*, 201 Or App at 585. On reconsideration, Pacific Coast argues

that "[a] remand is necessary to permit the trial court to enter a judgment foreclosing the lien and for an award of attorney fees on that claim * * *." Again, we agree that remand is necessary, but with a broader scope than Pacific Coast suggests. On remand, the trial court should address Pacific Coast's lien claim in light of our narrow holding that it was timely filed.

Reconsideration allowed; former opinion modified and adhered to as modified; former disposition withdrawn; reversed and remanded on appeal and on cross-appeal; award of attorney fees to Fong reversed.