SHORR, J.
*633 Defendant Klamath County appeals from a general judgment awarding damages and a supplemental judgment awarding prevailing-party attorney fees and costs to plaintiff Harshbarger, a residential homeowner in Klamath County, for damage to noncommercial ornamental trees on plaintiff's property caused by the county's application of herbicide to adjacent public land. Plaintiff sued the county for nuisance, ORS 105.505, and timber trespass, ORS 105.815. On multiple occasions before and during trial, the county sought dismissal of plaintiff's timber trespass claim, arguing that plaintiff failed to allege damages in the manner required by the timber trespass statute and the case law interpreting the statute. Following trial, a jury awarded $10,000 on plaintiff's nuisance claim and $5,000 on plaintiff's timber trespass claim. The court doubled the $5,000 award for timber trespass pursuant to ORS 105.815(1), and, in a supplemental judgment, awarded plaintiff over $86,000 in prevailing-party attorney fees and costs pursuant to ORS 105.810(2).[1]
On appeal, the county contends that, throughout the litigation, the trial court acted under the erroneous belief that plaintiff could prevail on his timber trespass claim in the absence of any evidence that the damage to his trees diminished the market value of his property or that the effect on property value could not be determined. As a result, the county argues that the trial court erred when it allowed plaintiff's timber trespass claim to go forward rather than dismissing it based on one or another of the county's motions.
In response to plaintiff's original complaint, the county filed a motion to dismiss under ORCP 21 A(8), *634 arguing that plaintiff had failed to state a legally cognizable timber trespass claim because plaintiff did not plead or allege any facts related to the effect of the damage to the trees on the market value of his property. The trial court ruled that "plaintiff's claim of damages for the value of the trees is an adequate measure of damages" and denied the motion.
Plaintiff subsequently amended his complaint three times to add additional claims and allege additional facts unrelated to this appeal. The county, meanwhile, moved on two occasions for summary judgment based on plaintiff's ongoing failure to plead or allege facts related to diminution in property value. The trial court denied those motions as well. The court similarly denied the county's motion in limine asking the court to exclude plaintiff's proposed evidence of the arborist's value for each of the damaged trees as an alternative measure of damages to diminution in property value.
Finally, plaintiff rested at trial without presenting evidence related to the effect of the damage on his property value. On that *365 basis, the county moved for a directed verdict under ORCP 60, again arguing that plaintiff had failed to present evidence of damages necessary to prevail on a timber trespass claim. The trial court denied that motion as well.
Although on appeal the county broadly assigns error to the trial court's repeated denial of the county's efforts before and during trial to have the timber trespass claim dismissed, we understand the county ultimately to be assigning error to the court's denial of the motion for a directed verdict. For the reasons explained below, we conclude that the court erred when it denied that motion. Accordingly, we reverse the judgment with respect to plaintiff's timber trespass claim. We also vacate and remand the supplemental judgment in its entirety so that the trial court may reconsider fees and costs in light of our decision.[2]
*635 We review the trial court's denial of the county's motion for a directed verdict for legal error. Dickson v. TriMet , 289 Or. App. 774, 776, 412 P.3d 1188 (2018). In doing so, we view the evidence and inferences reasonably derived therefrom in the light most favorable to the prevailing party at trial-here, plaintiff-to determine whether that party presented legally sufficient evidence to prevail on the claim put at issue by the motion. Id . at 776-77, 412 P.3d 1188. Our review is limited to the case presented to the jury through pleadings, evidence, and jury instructions. Cohen v. Awbrey Glen Homeowners Association, Inc. , 283 Or. App. 244, 250, 388 P.3d 1160 (2016). We must affirm unless our review of the record demonstrates that there is no evidence to support the verdict. Id . at 250-51, 388 P.3d 1160.
We provide the following facts consistently with the foregoing standard of review. In June 2010, the Klamath County Department of Public Works applied herbicide along the right-of-way next to plaintiff's property. The herbicide found its way to plaintiff's property where it damaged or killed several ornamental pine trees. As alleged in his complaint, plaintiff "was damaged by losing trees in the amount of $23,486." Plaintiff also incurred the cost of tree removal and replanting. Over the course of multiple amended complaints, plaintiff sought damages related to the value of the trees killed by the herbicide and related costs. Plaintiff never made allegations related to the effect of the harm to his trees on the overall market value of his property. In fact, plaintiff conceded that he was not claiming a reduction in the market value of his property and argued, instead, that evidence of property value was irrelevant. Even during trial, plaintiff did not present evidence related to the change in value of his property. The county, by contrast, presented *636 testimony from a property-valuation expert that the market value of plaintiff's property was unaffected by the damage to the trees. Plaintiff not only did not challenge that assertion, he conceded on cross-examination that it was factually correct.
With that factual background in mind, we turn to whether plaintiff presented legally sufficient evidence to prevail on his timber trespass claim at trial. The ordinary measure of damages in a timber trespass case, like this one, involving noncommercial ornamental trees is the diminution in the market value of the property. Cohen , 283 Or. App. at 252, 388 P.3d 1160 ("If the property possesses a market value, that fact should be shown, and the plaintiff's damages should be measured by the difference between the market value of the property before and after the alleged wrongful act." (Citing Moss v. People's California Hydroelectric Corp. , 134 Or. 227, 237, 293 P. 606 (1930).) ). Damages in a *366 case involving noncommercial ornamental trees "may be proved through other evidence demonstrating the 'real value' of the loss to the freehold caused by the harm to the trees" only if the evidence of the effect on the property's market value is unavailable. Id . In other words, unless there is sufficient evidence that the effect on market value cannot be determined, "a plaintiff cannot prevail on a timber trespass claim in the absence of proof that the trespass decreased the value of the land." Ken Hood Construction Co. v. Pacific Coast Construction, Inc. , 201 Or. App. 568, 583, 120 P.3d 6 (2005), modified on recons , 203 Or. App. 768, 126 P.3d 1254, rev. den. , 341 Or. 366, 143 P.3d 239 (2006) (citing Hampton v. Portland General Electric , 268 Or. 121, 122, 519 P.2d 89 (1974) ).
Our opinion in Cohen , a timber trespass case brought by the plaintiff against a homeowners association (HOA) after the HOA removed noncommercial ornamental trees from the plaintiff's property, illustrates when a plaintiff may demonstrate damages other than by showing a diminution in property value. In that case, the plaintiff represented to the trial court that he "could not find a real estate expert who could 'make a number' reflecting how the removal of the trees affected the market value of his property." 283 Or. App. at 253, 388 P.3d 1160. The HOA did not challenge that representation or present its own evidence of the effect of the tree removal *637 on the market value of the plaintiff's property, and nothing in the record called that representation into question. Id . The court then allowed the plaintiff to present evidence of the value of the removed trees based on the "trunk formula method" through the expert testimony of a licensed arborist. Id. at 254, 388 P.3d 1160. On appeal, the HOA argued that the court had erred when it allowed the plaintiff to present that alternative damage assessment. We concluded that the inability of either party to present evidence of how the removal affected the market value of the plaintiff's property meant that the plaintiff could establish "proof of damages through other objective evidence of the 'real value' of the loss to plaintiff's property." Id. at 253, 388 P.3d 1160 (citing Moss , 134 Or. at 237, 293 P. 606 ).
In this case, by contrast, plaintiff never presented evidence that the damage to his trees diminished the market value of his property or that the diminution in value could not be determined. In fact, plaintiff conceded on cross-examination that the market value of his property was unchanged following the loss of the trees. Instead, plaintiff sought damages based exclusively on the cost of removal and replacement of the damaged trees, and even argued that evidence of property value was irrelevant to his claim. The county subsequently presented additional evidence that the market value of plaintiff's property was undiminished. As we explained in Cohen , a plaintiff like the one in this case can rely on evidence of damages other than diminution of market value only "when evidence of the effect of a timber trespass on the market value of real property is not available ." Id. (emphasis added). Here, plaintiff's decision not to allege that the market value of his property was diminished by the damage to the trees and his concession at trial that there was no diminution is not analogous to the Cohen plaintiff's inability to determine whether the damage to his trees affected the overall value of his property. Accordingly, the exception illustrated in Cohen to the rule requiring plaintiffs to establish damages based on the diminution in market value is inapplicable to this case.
Plaintiff relies on Pedro v. January , 261 Or. 582, 494 P.2d 868 (1972), to argue that the value of the lost trees is the "starting point" for determining damages. Pedro is distinguishable because it involved the measure of damages *638 for a loss of commercial timber that was subsequently sold to a lumber mill. In that context, we determined that "the net value of the timber removed is sufficient evidence upon which to award damages." Id. at 598, 494 P.2d 868. But we have never applied a similar standard to cases involving noncommercial trees. In fact, our opinions in Cohen , 283 Or. App. at 252-53, 388 P.3d 1160, and Ken Hood Construction Co. , 201 Or. App. at 582-83, 120 P.3d 6, demonstrate that the "starting point" for damages in a timber trespass case involving noncommercial ornamental trees is always the diminution in the market value of the *367 plaintiff's property, not the value of the lost trees.
Given the absence of any evidence that the market value of plaintiff's property was diminished by the damage to his trees or that the effect on market value could not be determined, we conclude that plaintiff failed to present legally sufficient evidence to prevail on his timber trespass claim. For that reason, the trial court erred when it denied the county's motion for a directed verdict.
Based on the foregoing, we also conclude that plaintiff was not entitled to statutory prevailing-party attorney fees and costs under ORS 105.810(2) because he should not have prevailed below. As a result, we vacate and remand the supplemental judgment. See ORS 20.220(3)(a) (stating that, "if the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed").
General judgment on claim for timber trespass reversed; otherwise affirmed. Supplemental judgment vacated and remanded.

Under ORS 105.815(1), "judgment shall be given for double damages" for timber trespass if, among other things, "it appears that the trespass was casual or involuntary." Cf. ORS 105.810(1) (awarding "treble the amount of damages claimed or asserted for the trespass" if the damage was committed "willfully, intentionally and without plaintiff's consent"). Under ORS 105.810(2), "a court may, in its discretion, award to a prevailing party [in a timber trespass action] reimbursement of reasonable costs of litigation including but not limited to investigation costs and attorney fees." "A judgment for the costs of litigation and reforestation *** shall be in addition to and not in lieu of a judgment for damages under this section." Id .

The trial court's denial of the county's motion for a directed verdict was a basis of the county's second assignment of error. The county assigned error to the award of attorney fees in its fifth and sixth assignments of error.
The county's first assignment of error-that the timber trespass statute does not apply to the facts of this case as a matter of law-we reject without further written discussion. The county's third and fourth assignments of error challenge rulings by the trial court, made during trial, related to the merits of plaintiff's timber trespass claim. Our decision to reverse the trial court's denial of the county's motion for a directed verdict obviates the need to address other possible errors related to that claim.
Finally, the county does not appeal the judgment in plaintiff's favor on the nuisance claim. We therefore affirm the portion of the judgment awarding damages for that claim.